Wash, J.,
delivered the opinion of the Court.
Spencer, the defendant in error, brought her action in the Circuit Court against Green, the plaintiff in error, for a breach of marriage contract, and got a verdict and judgment for $5,000; to reverse which judgment Green now prosecutes his writ of error in this Court.
The evidence given on the trial in the Circuit Court, as preserved in the bill of exceptions, is in substance, that the plaintiff' in error, after having been a suitor of the defendant for a year or more, entered into a contract with her to marry her in May, 1832, upon a day fixed; that a short time after the contract was entered into, the plaintiff proposed to the defendant, and she agreed to put off the marriage until some time about the 10th of September following; that when September came, the plaintiff proposed to the defendant and to her father, a farther postponement, which was agreed to, and the plaintiff then promised to marry the defendant in a month or so. “That afterwards, some time in October, the plaintiff and defendant were sitting together at her father’s house, and were asked by her father why they did not get marriedthat the plaintiff replied, that he was ready and willing to any thing, and the defendant replied that she was ready to marry, and stated that she had made preparations for the occasion, and was as ready as she ever would be. That during the time of the engagement to marry, the plaintiff seduced and got the defendant with child. That the child'was born on. the 27th of June, 1833, and the plaintiff admitted himself.to be'the father of it. That the general character of the defendant for chastity and virtue, prior to the time of her seduction by the plaintiff, was good. The deposition of one Oldham was also read in evidence, to show that the plaintiff preceding the contract to marry, had manoeuvred to get the contract broken by the defendant through the influence of her father, and that the plaintiff never intended to comply with his contract. This is all the evidence it seems material to state in disposing of the questions which have been raised by the counsel for the plaintiff in error. Upon this state of facts, the counsel for Green moved the Circuit Court to instruct the jury,
*226 First. That to enable the plaintiff to recover in this action, the jury must find that the agreement proved was for a marriage on a particular day; or if by the agreement no time was specified when the marriage was to take place, an offer to marry by the plaintiff must be proved.
Second. That no> evidence of an offer to marry by the plaintiff has been given in this case.
Third. That the jury cannot in, this case take into consideration the seduction of the plaintiff by the defendant for any purpose.
Fourth. That the seduction and getting with child the plaintiff by the defendant is an injury to the father of which the plaintiff cannot legally complain.
The first and fourth) instructions prayed for were given by the Court; the second and third were refused, and- the- opinion, of the Court in refusing them was excepted to.
The errors assigned and relied on are,
First. That the Court below permitted evidence of seduction to go to the jury.
Second. That the Court permitted the deposition of Oldham to be read to the jury-
Third'. That the Court below permitted evidence of general character of the plaintiff below to go to the jury.
Fourth. That the Court refused to give the second instruction asked by the defendant below to the jury.
Fifth. That the Court erred in refusing the third instruction asked by the defendant below.
The first and filth errors assigned, may be considered together: they amount to the same thing, and present to the consideration of this Court, for the first time, a question of deep interest to the community, as well as to the parties in the cause. The counsel on both sides have argued it with zeal and ability.
For the plaintiff in error it is insisted, that the law isidearly settled that seduction cannot be given in evidence to aggravate the damages for a-breach of marriage contract. Various authorities have been cited and commented on, and enforced with an eloquence and-ingenuity worthy of a better cause. Such as are accessible have been examined. In 2 Bibb, 341, Burks v. Shain, the seduction took place before the promise to marry, and might have been the cause of the promise; but could not have been the consequence (as is aptly observed in that case). It appeared moreover in that case, “ that the father had brought suit for the seduction, and the consequent expenses and loss of service.” 2 Philips, 159; in treating of the evidence in an action of trespass for seduction, lays it down, that “ evidence of the defendant having given the daughter a promise of marriage before he seduced her, is not admissible.”' The breach of such an engagement maybe made the subject of another distinct action ; and it is an injury to the daughter not to the parent.” The counsel for the plaintiff insists that the true converse of any proposition that is true, is itself true; and then contend that evidence of seduction after a promise to marry, in an action for the breach of promise, is not admissible: this proposition is not the true converse of Mr. Philips. Seduction is not a- separate cause of action, nor an injury to-the father alone. It needs but to consider the- helpless, dependent and miserable-condition of the woman who has been seduced and forsaken, to see that it is she who suffers the most direct, surest and greatest injury. In Bayard’s Peake, 361, it is laid down, that in an action by the father, &c., for seduction, “ the girl herself may be *227 a witness, and prove any facts or circumstances attending the seduction, except such as would support another action at her own suit for a breach of marriage promise." This stops short of Mr. Philips’ proposition; and the true converse of it would be, “ that in an action for a breach of promise of marriage, any circumstances attending the breach, may be given in e-videnee, except such as would support another action.
The case cited from 1 John. Rep., 298, is an action of the father for the seduction of his daughter, and she was not permitted to prove a promise of marriage, and for two reasons.
First. It was the ground of another action.
Second. The daughter herself had the right of action.
3 Camp., 519, and 3 Wils., 18, are not accessible to the Court, and have not been-examined. This much for the authorities cited by the counsel for the plaintiff in error. The counsel for the defendant in error have cited 3 Mass. Rep., 71, Paul v. Frazier, and Boynton v. Kellogg 189; 1 John. Cas., 116, and 2 Overton 233. In the case of Paul v. Frazier, Chief Justice Parsons uses this strong language: “as the law now stands, damages are recoverable for a breach of promise of marriage; and if seduction has been- practiced' under color of that promise, the jury will undoubtedly consider it as an aggravation of the damages. So far the law has provided; and we do not profess to be wiser than the law.” In Boynton v. Kellogg, this law seems not to be questioned. In the case of Conn v. Wilson, 2 Overton, 233, the Court recognize fully the authority of Paul v. Frazier, and Boynton v. Kellogg, above cited. In the case of Johnston v. Caulkins, 1 John. cases, 116, the evidence of seduction seems to have been admitted as a thing of course and. without objection. Thus stands the law as we collect it from the authorities above cited by the counsel for the defendant in error: and we feel but little hesitation in deciding that the weight of authority is with the defendant in error. Independently of all authority, however, from adjudged cases, we feel prepared to decide that the law should be so held.
The argument attempted to be urged, that to allow the evidence- in such cases w,ill encourage seduction, can have no force. The only effect and the obvious effect must be to induce persons to execute their contracts of marriage, where seductions have ensued from them, for fear of being compelled to answer in damages, or the pain or ignominy which the breach of such contracts would bring upon the victims of their lust and and fraud; nor Is it a reason why the daughter should not be permitted to recover on the breach of a marriage contract for a seduction procured under cover of the contract, that the father may give it in evidence and recover in his action for the same seduction. Money at most can affdrd but a paltry and inadequate recompense for the loss of virtue and character to the child; or for the loss of the child’s society, and the peace and happiness of the family, to the parent. They each sustain injuries peculiar to themselves, and for which each should have redress.
The second error assigned' is, that the Court permitted the deposition of Oldham to be read to the jury. It is objected to as being irrelevant; the evidence with which it connects itself has not been stated; but in looking into the record, seems to us sufficiently clear to authorize the reading of it as one link in the chain of evidence given to establish the fact that the plaintiff never intended to perform his promise. The Circuit Court therefore committed no error in permitting it to be read.
*228 The third error assigned is, that the Court below permitted evidence of general character of the plaintiff below to go to the jury. The case of Boynton v. Kellogg, above cited, and of Johnston v. Caulkins, establish that the Court did right.
Evidence of character before seduction is admissible in an action by the father for the seduction of his daughter; and there can be no reason why it should be excluded in an action by the daughter.
To enable the jury to measure the damages in such cases, the rank and fortune, character and conduct of the parties must be examined into.
The fourth error assigned, and the last to be considered, is, K that the Court refused to give the second instruction asked by the defendant below.” ' The instruction prayed for was, “ that no evidence of an offer to marry by the plaintiff had been given in this case.” This instruction was properly refused. There was evidence' from which the jury might well infer an offer to marry.
When the marriage was postponed with the consent of the father and daughter, about the 10th of September, the plaintiff promised to marry the defendant in a month or so, and afterwards, some time in October, which may well have been, after the expiration of a month from the date of the last postponement in September, the defendant slated in his presence, that she was ready to marry the plaintiff in error, and had made preparations for the occasion, &c. A plainer proposal could never be expected from a modest woman. Upon the whole matter, therefore, the judgment of the Circuit Court is affirmed with costs.