SALLIE McCONAHEY, Appellee, v. THOMAS L. GRIFFEY, Appellant.

1. **Marriage Contract:** VALIDITY: BREACH OF PROMISE: EVIDENCE. The plaintiff alleged in her petition that, at a time when he was in a delicate condition of health, the defendant entered into an agreement to marry her upon his restoration to health; that the defendant recovered his health, but ignored his agreement, and subsequently married another woman. *Held,* that the defendant's health not being permanently impaired the contract was not invalid as being in restraint of marriage; that the contract being fully set out in the petition, and the defendant having failed to attack the right of the plaintiff to recover thereunder either by demurrer or by motion in arrest of judgment, if it was invalid for such cause, the defendant must be deemed to have waived the objection thereto.

2. ———— : ———— : STATUTE OF FRAUDS. No time was specified within which the contract was to be performed, nor yet anything said or done from which it could be inferred that it was not to be performed within a year. *Held*, that the contract was not void as being within the statute of frauds.

3. ———— : SEDUCTION : EVIDENCE. Testimony of the plaintiff to having had sexual intercourse with the defendant on numerous occasions *held* competent in corroboration of her claim as to said contract, although no charge of seduction was alleged in the petition.

4. ———— : EVIDENCE : VERDICT. In a former case commenced by the plaintiff upon the same cause of action she had alleged in her petition that the defendant had promised to marry her "if he married anyone," and in her testimony in this case the plaintiff testified that the defendant had made declarations to the same effect. It was claimed, however, that these declarations were subsequent to the contract sued on, and that the allegations in the petition in the former case was by the mistake of the plaintiff's attorney. *Held*, that such evidence was insufficient to overcome the direct and positive evidence of the plaintiff as to the contract sued upon, and her testimony not being contradicted by the defendant, was sufficient to support a verdict for the plaintiff.

*Appeal from Woodbury District Court.*—HON. G. W. WAKEFIELD, Judge.

FRIDAY, MAY 22, 1891.

ACTION to recover damages for a breach of promise of marriage. There was a trial by jury, and a verdict and judgment in favor of the plaintiff. The defendant appeals.—*Affirmed.*

*S. M. Marsh* and *C. L. Wright*, for appellant.

*John N. Weaver* and *T. J. King*, for appellee.

ROBINSON, J.—The petition alleges that on or about the fifteenth day of April, 1887, the plaintiff and defendant entered into an agreement, by virtue of which the defendant was to marry the plaintiff ; that at that time the defendant was in a delicate condition of health, and the performance of the agreement was made to depend upon his restoration to health, so that the

1. MARRIAGE contract: validity: breach of promise: evidence.

marriage would be expedient, and he could perform his agreement; that the defendant recovered his health, but ignored his agreement, and on the twenty-third of October, 1888, married another woman. The answer denies the alleged agreement. The verdict was for the sum of thirty-five hundred dollars, and judgment was rendered for that amount and costs.

The appellant contends that the agreement of marriage set out in the petition is conditional, uncertain and indefinite; that the defendant is alleged to have been "in a delicate and precarious condition of health" at the time it was made; that, in case defendant had not been restored to health, it would have required the plaintiff to wait until his death, before she could have contracted a marriage with another; that such a promise would be a restraint upon marriage, and its performance uncertain, and, therefore, that it would be void. Whether that claim is well founded need not, perhaps, be determined. The agreement criticised was fully disclosed by the petition, and, if the defendant thought it insufficient, it was his privilege to attack it by demurrer. He failed to do so, however, and did not make the alleged defect the ground of a motion in arrest of judgment. A motion was filed, which is entitled a "motion for a new trial and in arrest of judgment," but, in effect, it was an ordinary motion for a new trial. One of the grounds on which it was based is the alleged error of the court in permitting the plaintiff to introduce evidence to sustain the agreement, for the reason that it was void; but, as the petition had not been attacked in the manner provided by statute, the court had a right to assume that the alleged defect was waived, and properly admitted the evidence to which the motion referred. We are of the opinion that the objection now made to the sufficiency of the petition was waived. *Linden v. Green*, 81 Iowa, 365; *Arndt v. Hosford, ante*, p. 499.

But if it be conceded that the defendant has not waived the right to make the objections now urged, and it be determined on the merits, the same result

must be reached. The petition does not show that the health of defendant was permanently impaired when the agreement in question was made, nor that its performance was likely to be delayed unreasonably. On the contrary, it may properly be inferred from the facts stated that the impairment was regarded as temporary, and that the condition was reasonable and proper. The fact that the defendant had so far recovered his health as to be able to enter into the marriage relation with the plaintiff before he married another woman is stated. The evidence submitted authorized the jury to find that the averments of the petition were fully sustained, and that there was nothing in the circumstances under which the agreement was entered into to justify the conclusion that the parties to it contemplated any considerable delay in carrying it into effect. 1 Wait, Act. & Def. 724.

II. It is said that the agreement is void because within the statute of frauds. The time within which it was to be performed was not specified. Nothing was said or done, however, when it was entered into from which the inference can be drawn that it was not to be performed within one year. It was not, therefore, within the statute. *Land Co. v. Walker*, 39 Iowa, 411 ; *Burnham v. Cornwell*, 63 Amer. Dec. 533, note 2.

2. ——: ——:
statute of
frauds.

III. The plaintiff was permitted to testify to having had sexual intercourse with the defendant on numerous occasions. Such intercourse was not charged in the pleadings, and the defendant insists that evidence in regard to it was erroneously admitted. The court instructed the jury that such evidence could not be considered in aggravation of damages. The appellant contends that it was incompetent to prove the agreement in controversy. It must be admitted that proof of such intercourse alone would not be sufficient, but a contract of marriage is not necessarily expressed in words only. It may be shown by the unequivocal conduct of the parties, their actions towards each other, and in various

3. ——: seduction:
evidence.

ways. *Royal v. Smith*, 40 Iowa, 617; *Thurston v. Cavenor*, 8 Iowa, 161; *Burnham v. Cornwell*, 63 Amer. Dec. 538, note. The plaintiff had testified to different conversations between herself and the defendant, in which the subject of their marriage was mentioned in such a manner as to justify the belief that it was understood by both parties that it was to take place. By means of that understanding, and his words and conduct, the defendant had acquired a controlling influence over the plaintiff. He assured her, in effect, that sexual intercourse was necessary to his health; that, in view of the understanding between them, it was her duty to submit to him and that it was not wrong for her to do so. The defendant had paid the plaintiff marked attentions for some months before the time when she claims their engagement took place, under such circumstances as to justify the belief that his course was prompted by matrimonial desires. The plaintiff testified positively to the making of a marriage contract. We think it fair to presume that a woman will yield her virtue more readily to a man to whom she is engaged to be married than to another. It is a matter of common knowledge, shown by the records of our courts, that of the women who surrender their chastity a large proportion, if not a majority, do so under promise of marriage. We, therefore, conclude that the evidence in controversy was properly admitted, as tending to corroborate the claim of the plaintiff as to the promise of the defendant.

IV. Among other declarations of the defendant to which the plaintiff testified was one to the effect that he intended to marry her if he married

4. ——: evidence: verdict.

anyone. In a petition filed in a case commenced in the state of Nebraska, she had stated that to be her agreement with the defendant. Several witnesses who knew the parties well, and had observed their conduct, testified that they had not seen any evidence of courtship. Much stress is placed upon these facts, as showing that there was no unconditional agreement of marriage between the parties. But the plaintiff testifies positively to a promise

·of the defendant to marry her, and to words and acts from which such a promise may properly be inferred. She explains that the statement of the defendant which we have recited was made some time after the contract of marriage was entered into, and that it was stated to be the agreement in the petition filed in Nebraska, through a misunderstanding of her attorney. She testified to numerous facts which tended to prove that the agreement was what she claims it to have been, none of which are denied by the defendant. He was called as a witness by the plaintiff as to the property he owned, but testified in regard to nothing else which was material. The evidence, although not strong, was sufficient to authorize the verdict returned, and we do not think it ·is contrary to the charge given to the jury.

The judgment of the district court is AFFIRMED.