## ADA M. COX v. WILLIAM RUFUS EDWARDS.[1]

### July 10, 1914.

### Nos. 18,648—(177).

**Breach of promise — release — evidence.**

In an action to recover for a breach of promise of marriage it is *held:*

(1) That the evidence justifies a finding of the jury that a marriage-promise was made.

(2) That it justifies a finding that a release of plaintiff's cause of action. was procured by fraud.

(3) That the damages are not excessive.

Action in the district court for Ramsey county to recover $25,000 for breach of promise of marriage. The facts are stated in the opinion. The case was tried before Dickson, J., and a jury which returned a verdict for $17,425 in favor of plaintiff. From an order denying defendant's motion for judgment in his favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Owen Morris,* for appellant.

*Drill & Drill* and *Stan J. Donnelly,* for respondent.

DIBELL, C.

This is an action for the breach of a promise of marriage. There was a verdict for the plaintiff. The defendant appeals from the order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

There are three questions:

(1). Was there a mutual promise of marriage?

(2) If so, did the plaintiff, induced by fraud, release her cause of action for its breach?

(3) Was the verdict excessive?

[1] Reported in 148 N. W. 500.

1. The case has been here before and is reported in 120 Minn.. 512, 139 N. W. 1070.

· The plaintiff claims that on October 10, 1910, she and defendant. entered into a contract of marriage. Neither will gain by a recital of the evidence and none will be made. The story which the plaintiff tells is a strange one. It is discredited by occurrences in her life prior to the promise claimed. It is discredited by letters written by her before and afterwards. Witnesses testifying for the defendant offer testimony which, if believed, thoroughly discredits it. To a considerable extent many of these witnesses are discredited by their own testimony and the character of their living, and the jury well. enough might have disregarded much of it. The defendant did not deny the promise on this trial. It appears that he denied it on the former trial.

The case has been twice tried. Twenty-four jurors have found that a promise was made. Two trial judges, in the exercise of their discretion, have declined to interfere with the result. Is is not for us. to interfere. We properly affirm the order without affirming or disaffirming our belief in the truth of the plaintiff's contention.

2. The plaintiff executed to the defendant on July 11, 1911, a. release of her cause of action in consideration of $250 then received. She admits that she knew what it was. She claims that the defendant by fraud and trickery induced her to sign it under the claim that he wanted to get rid of the suit; that it was a matter between them alone; that he still had affection for her; and that he would marry her afterwards. She also claims that he threatened that unless she settled he would have her put out of town; that he had influence with the police; that they would do this for him; that. he had influential friends; and that he had matters so arranged that she would not be able to get employment at her usual vocation.

We have scrutinized the evidence carefully in the light of the settled rule of law for determining such an issue as it is stated in Winter v. Great Northern Ry. Co. 118 Minn. 487, 136 N. W. 1089, and other cases. We are of the opinion that the question of fraud was for the jury. The trial court declined to interfere with the result and we should not.

3. It is claimed that the damages are excessive.

The plaintiff admits that he is worth from $75,000 to $100,000. He declines to swear either that he is or that he is not worth $300,000. A matrimonial alliance with a man of such wealth was of pecuniary value to the plaintiff. The first jury fixed the damages at $15,208, which was reduced conditionally to $12,500 by the trial court, and was accepted in lieu of a new trial by the plaintiff. The present verdict is for $17,425. The trial court declined to interfere with it. We should not.

The questions discussed are all questions of fact ultimately for a jury. The trial was entirely fair, no errors were committed against the defendant, questions of fair doubt were resolved in his favor, and his interests were well protected by his counsel. The defendant has had the fair trial to which he is entitled under the law and it is not for an appellate court to interfere with the result which the jury reached.

Order affirmed.