## ANNA BOOREN (Mrs. L. C. Britten) v. GEORGE E. McWILLIAMS.

(157 N. W. 698.)

**Marriage — breach of promise — seduction — damages — action to recover — verdict — evidence — sufficiency.**

1. In an action to recover for a breach of promise of marriage aggravated by seduction, evidence examined and *held* sufficient to justify the verdict.

**Former appeal — evidence — holding on — substantially same as here — verdict supported by — decision — binding as the law of this appeal.**

2. Having *held* on a former appeal that the evidence, which was substantially the same as on the present appeal, was sufficient to support the verdict, such decision is binding as the law of the case.

**Verdict — setting aside — matter of discretion — evidence — character of — law.**

3. The recovery is sustained as against an attack that the evidence is of such

a character that the verdict should be set aside as a matter of discretion; also as against an attack that the verdict is against law.

**Verdict — amount of — sustained — as not excessive.**
    4. A verdict for $10,000 is sustained as not excessive.

Opinion filed March 24, 1916. Rehearing denied April 27, 1916.

Appeal from District Court, Towner County, *A. G. Burr,* Special Judge.

From a judgment in plaintiff's favor and from an order denying a motion for a new trial, defendant appeals.

Affirmed.

*Bangs, Netcher, & Hamilton,* for appellant.

When an express promise of marriage is pleaded, as in this case, the promise or contract cannot be shown, inferred, or implied from acts and conduct. Reynolds v. Curry, 81 Kan. 443, 105 Pac. 437; Bleiler v. Koons, 132 Pa. 101, 19 Atl. 140.

Where conduct of parties is relied upon as establishing a promise, evidence is restricted and limited to open, visible, or public conduct of the parties toward each other. Wrynn v. Downey, 27 R. I. 454, 4 L.R.A.(N.S.) 615, 114 Am. St. Rep. 63, 63 Atl. 401, 8 Ann. Cas. 912; Button v. Hibbard, 62 Hun, 289, 64 N. Y. S. R. 80, 31 N. Y. Supp. 483; Walker v. Johnson, 6 Ind. App. 600, 33 N. E. 267, 34 N. E. 100.

Mere attentions, although exclusive and long continued, are not enough to show a promise of marriage. Walmsley v. Robinson, 63 Ill. 41, 14 Am. Rep. 111; Burnham v. Cornwell, 16 B. Mon. 284, 63 Am. Dec. 529; Weaver v. Bachert, 2 Pa. St. 80, 44 Am. Dec. 159; Yale v. Curtiss, 151 N. Y. 598, 45 N. E. 1125; Espy v. Jones, 37 Ala. 379; Munson v. Hastings, 12 Vt. 346, 36 Am. Dec. 345; Standiford v. Gentry, 32 Mo. 477.

It is the tendency of the jury to lean to the side of the woman, in such cases, and if there is any evidence, by fact or circumstances, that tends to show this contract relation, the jury will follow it, however strong other evidence may be against it. Walmsley v. Robinson, 63 Ill. 41, 14 Am. Rep. 111.

A witness may testify as to the conduct, demeanor, or manner of another, and in so doing may use words which amount to characteriza-

tion of the same.   5 Enc. Ev. 674, and cases cited; McKillop v. Duluth Street R. Co. 53 Minn. 532, 55 N. W. 739; M'Kee v. Nelson, 4 Cow. 355, 15 Am. Dec. 384.

A contract of marriage is made up of mutual promises.   There is no sufficient showing here of mutuality, to warrant a verdict for plaintiff. Weaver v. Bachert, 2 Pa. St. 80, 44 Am. Dec. 159; Burnham v. Cornwell, 16 B. Mon. 284, 63 Am. Dec. 530.

Professions of respect, attachment, or even of love, are not promises of marriage.   Hinckley v. Jewett, 86 Neb. 464, 125 N. W. 1086.

Evidence of improper intimacy between the parties is not admissible to prove a promise or for any purpose.   Felger v. Etzell, 75 Ind. 417; Broyhill v. Norton, 175 Mo. 190, 74 S. W. 1024.

The plaintiff must show an unconditional promise of marriage.   Connolly v. Bollinger, 67 W. Va. 30, 67 S. E. 71, 20 Ann. Cas. 1350.

A promise of marriage in consideration that the promise should, before marriage, have sexual intercourse with the promisor, is void. Hanks v. Naglee, 54 Cal. 51, 35 Am. Rep. 67; Saxon v. Wood, 4 Ind. App. 242, 30 N. E. 797.

If the promise is connected with or grows out of an immoral or illegal act, a court of justice will not enforce it.   2 Kent. Com. 460; Dupont v. McAdow, 6 Mont. 226, 9 Pac. 925; White. v. White, 82 Cal. 427, 7 L.R.A. 799, 23 Pac. 276; McBean v. McBean, 37 Or. 195, 61 Pac. 418; Williams v. Williams, 46 Wis. 464, 32 Am. Rep. 722, 1 N. W. 98.

The consent of the woman induced by artifice or deceit is an essential element necessary to be shown in order to establish the fact of seduction. Lee v. Hefley, 21 Ind. 98; Bradshaw v. Jones, 103 Tenn. 331, 76 Am. St. Rep. 655, 52 S. W. 1072; White v. Murtland, 71 Ill. 250, 22 Am. Rep. 100; Marshall v. Taylor, 98 Cal. 55, 35 Am. St. Rep. 144, 32 Pac. 867.

She must show that she relied on the promise, and that it was because of the promise and her reliance thereon that she allowed the defendant to carnally know her.   Baird v. Boehner, 72 Iowa, 318, 33 N. W. 694; Gover v. Dill, 3 Iowa, 337; Brown v. Kingsley, 38 Iowa, 220; Parker v. Monteith, 7 Or. 277; Patterson v. Hayden, 17 Or. 238, 3 L.R.A. 529, 11 Am. St. Rep. 822, 21 Pac. 129; Breon v. Henkle, 14 Or. 494, 13 Pac. 289.

The promise of marriage must be the moving cause of consent.   Coop-

er v. State, 90 Ala. 641, 8 So. 821; People v. Wallace, 109 Cal. 611, 42 Pac. 159; Phillips v. State, 108 Ind. 406, 9 N. E. 345; People v. Hubbard, 92 Mich. 322, 52 N. W. 729; Loque v. Dejan, 36 L.R.A. (N.S.) 389, note.

The law looks with suspicion upon the testimony of a female claiming to have been seduced, and generally requires corroboration. Armstrong v. People, 70 N. Y. 38.

And circumstances shown by, or growing out of her own testimony, are not corroboration. State v. Kingsley, 39 Iowa, 439; State v. Painter, 50 Iowa, 317.

Where the verdict does not conform to the evidence, and is not supported by the evidence, and is contrary to law, the rule is that even though there is some conflict in the testimony it is the duty of the court to grant a new trial. Weisser v. Southern P. R. Co. 148 Cal. 426, 83 Pac. 439, 7 Ann. Cas. 636, 19 Am. Neg. Rep. 88; Denver Tramway Co. v. Owens, 20 Colo. 107, 36 Pac. 848, 2 Am. Neg. Rep. 231; Dickey v. Davis, 39 Cal. 565; Clark v. Great Northern R. Co. 37 Wash. 537, 79 Pac. 1108, 2 Ann. Cas. 760; Godfrey v. Godfrey, 127 Wis. 47, 106 N. W. 814, 7 Ann. Cas. 176; Phillips v. Laughlin, 99 Me. 26, 105 Am. St. Rep. 253, 58 Atl. 64, 2 Ann. Cas. 1; Pollitz v. Wickersham, 150 Cal. 238, 88 Pac. 911; McMahon v. Rhode Island Co. Ann. Cas. 1912D, 1226, note; Buck v. Buck, 122 Minn. 463, 142 N. W. 729; Woodbury Co. v. Dougherty & B. Co. 161 Iowa, 571, 143 N. W. 416; Bentley v. Hoagland, 94 Neb. 442, 143 N. W. 465; Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63, 12 Am. Neg. Rep. 619; Johnson v. Domer, 76 Wash. 677, 136 Pac. 1169; Carrier v. Donovan, 88 Conn. 37, 89 Atl. 894.

It is the duty of the court to weigh the evidence, on a motion for a new trial, and determine its sufficiency to sustain the verdict, and to say whether or not there is sufficient legal evidence to support the verdict. Cannon v. Deming, 3 S. D. 421, 53 N. W. 863; Erickson v. Sophy, 10 S. D. 71, 71 N. W. 758; Lowry v. Piper, 20 N. D. 637, 127 N. W. 1046; Comeau v. Burley, 24 S. D. 255, 123 N. W. 714; Stone v. Crow, 2 S. D. 525, 51 N. W. 335; McArthur v. Dryden, 6 N. D. 438, 71 N. W. 125; Dickinson v. Hahn, 19 S. D. 525, 104 N. W. 247; Morgan v. J. W. Robinson Co. 157 Cal. 348, 107 Pac. 695; Morgan v. Los Angeles Pacific Co. 13 Cal. App. 12, 108 Pac. 735; Re Martin, 113

Cal. 479, 45 Pac. 813; Drathman v. Cohen, 139 Cal. 310, 73 Pac. 181; Witter v. Redwine, 14 Cal. App. 393, 112 Pac. 311.

If it appears to the trial court that the jury have found against the weight of the evidence, it is his bounden duty to set the verdict aside. Kansas P. R. Co. v. Kunkel, 17 Kan. 145, 3 Am. Neg. Cas. 412; Williams v. Townsend, 15 Kan. 563; Johnson v. Leggett, 28 Kan. 590.

"A verdict which induces the belief that it must have been found through passion, prejudice, mistake, or some means not apparent in the record, will be set aside." Garfield v. Hodges, 90 Neb. 122, 132 N. W. 923; Tyler v. Hoover, 92 Neb. 221, 138 N. W. 129; Southard v. Behrns, 52 Neb. 486, 72 N. W. 860; American F. Ins. Co. v. Buckstaff Bros. Mfg. Co. 52 Neb. 676, 72 N. W. 1047; Symns Grocery Co. v. Snow Bros. 58 Neb. 516, 78 N. W. 1066; Frerking v. Thomas, 64 Neb. 193, 89 N. W. 1005; Booth v. Andrus, 91 Neb. 810, 137 N. W. 884; Heink v. Lewis, 89 Neb. 705, 131 N. W. 1051; Shulze v. Shea, 37 Colo. 337, 86 Pac. 117; Furber v. Fogler, 97 Me. 585, 55 Atl. 514.

Where in an action for breach of promise of marriage the evidence is of doubtful merit, and in many respects improbable, a new trial should be granted. Hill v. Jones, 109 Minn. 370, 123 N. W. 927, 18 Ann. Cas. 359; Martin v. Courtney, 75 Minn. 255, 77 N. W. 813; Messenger v. St. Paul City R. Co. 77 Minn. 34, 79 N. W. 583; Harvey v. Atlantic Coast Line R. Co. 153 N. C. 567, 69 S. E. 627; 11 Current Law, 997; McCann v. McGuire, 83 Conn. 445, 76 Atl. 1003; Bank of Commerce v. Smith, 57 Minn. 374, 59 N. W. 311; New York, C. & St. L. R. Co. v. Hamlet Hay Co. 149 Ind. 344, 47 N. E. 1060, 49 N. E. 269; People's Sav. L. & Bldg. Asso. v. Spears, 115 Ind. 297, 17 N. E. 570; Witter v. Redwine, 14 Cal. App. 393, 112 Pac. 311; Donelson v. East St. Louis & S. R. Co. 235 Ill. 625, 85 N. E. 914; Sylvester v. Olson, 63 Wash. 285, 115 Pac. 175; Fuller v. Northern P. Elevator Co. 2 N. D. 222, 50 N. W. 359; Harrison v. Sutter Street R. Co. 116 Cal. 156, 47 Pac. 1019, 1 Am. Neg. Rep. 403; Steinbuchel v. Wright, 43 Kan. 307, 23 Pac. 560; Libby v. Towel, 90 Me. 262, 38 Atl. 171; Bissell v. Dickerson, 64 Conn. 61, 29 Atl. 226; Averill v. Robinson, 70 Vt. 161, 40 Atl. 49; Maynard v. Des Moines, 159 Iowa, 126, 140 N. W. 208; Pleasants v. Fant, 22 Wall. 116, 22 L. ed. 780.

A verdict cannot be sustained on a scintilla of evidence. Fuller v.

Northern P. Elevator Co. 2 N. D. 220; Rosenbaum v. Hayes, 8 N. D. 469, 79 N. W. 987.

A verdict that must be either without support in the evidence or contrary to the instructions of the court cannot stand. McArthur v. Dryden, 6 N. D. 438, 71 N. W. 125; Furber v. Fogler, 97 Me. 585, 55 Atl. 514.

A judicial discretion means an honest, unbiased judgment and exercise of power to see that justice is done. Johnson v. Grayson, 230 Mo. 380, 130 S. W. 673; Root v. Bingham, 26 S. D. 118, 128 N. W. 132; Pugh v. Bluff City Excursion Co. 101 C. C. A. 403, 177 Fed. 399; Galvin v. Tibbs Hutchins Co. 17 N. D. 600, 119 N. W. 39.

The verdict of the jury bears upon its face the impress of sympathy, bias, partiality, passion, and prejudice, resulting in excessive damages. Union P. R. Co. v. Hand, 7 Kan. 380; Tunnel Min. & Leasing Co. v. Cooper, 50 Colo. 390, 39 L.R.A.(N.S.) 1064, 115 Pac. 901, Ann. Cas. 1912C, 504; F. M. Davis Iron Works Co. v. White, 31 Colo. 82, 71 Pac. 384; Cassin v. Delany, 38 N. Y. 180; Bass v. Chicago & N. W. R. Co. 39 Wis. 637; Baker v. Briggs, 8 Pick. 126, 19 Am. Dec. 311; Treanor v. Donahoe, 9 Cush. 228; Bell v. Morse, 48 Kan. 601, 29 Pac. 1086; Steinbuchel v. Wright, 43 Kan. 307, 23 Pac. 560; Atchison T. & S. F. R. Co. v. Dwelle, 44 Kan. 394, 24 Pac. 500; Davis v. Holy Terror Min. Co. 20 S. D. 399, 107 N. W. 374; Burdict v. Missouri P. R. Co. 123 Mo. 221, 26 L.R.A. 384, 45 Am. St. Rep. 528, 27 S. W. 453.

Exemplary damages are never allowed except where there is gross fraud, malice, or oppression. Chicago v. O'Brennan, 65 Ill. 164; Grable v. Margrave, 38 Am. Dec. 90, note; Lindblom v. Sonstelie, 10 N. D. 140, 86 N. W. 357; Hively v. Golnick, 123 Minn. 498, 49 L.R.A. (N.S.) 757, 144 N. W. 213; Ann. Cas. 1915A, 295; Vine v. Casmey, 86 Minn. 74, 90 N. W. 158; Jacoby v. Stark, 205 Ill. 34, 68 N. E. 557; Hughes v. Nolte, 7 Ind. App. 526, 34 N. E. 745; Dryden v. Knowles, 33 Ind. 148; Kurtz v. Frank, 76 Ind. 594, 40 Am. Rep. 275; Johnson v. Travis, 33 Minn. 231, 22 N. W. 624; Tamke v. Vangsnes, 72 Minn. 236, 75 N. W. 217.

The appellate court has the right and power to reduce the amount of the verdict to a sum that will compensate for the injury suffered, and, if not accepted, to grant a new trial. Gillen v. Minneapolis, St. P. &

S. Ste. M. R. Co. 91 Wis. 633, 65 N. W. 373; Baker v. Madison, 62 Wis. 151, 22 N. W. 141, 583; Rueping v. Chicago & N. W. R. Co. 123 Wis. 319, 101 N. W. 710; Heimlich v. Tabor, 123 Wis. 565, 68 L.R.A. 669, 102 N. W. 10; Burdict v. Missouri P. R. Co. 26 L.R.A. 384, also extension note, 123 Mo. 221, 45 Am. St. Rep. 528, 27 S. W. 453; Sloane v. Southern California R. Co. 111 Cal. 668, 32 L.R.A. 193, 44 Pac. 320, 8 Am. Neg. Cas. 76; Alabama G. S. R. Co. v. Roberts, 113 Tenn. 488, 67 L.R.A. 495, 82 S. W. 314, 3 Ann. Cas. 937; 18 Enc. Pl. & Pr. 125; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; Aronson v. Oppegard, 16 N. D. 595, 114 N. W. 377; Lohr v. Honsinger, 20 N. D. 500, 128 N. W. 1035; Mohr v. Williams, 95 Minn. 261, 1 L.R.A.(N.S.) 439, 111 Am. St. Rep. 462, 104 N. W. 12, 5 Ann. Cas. 303.

*Cuthbert & Smythe* and *L. H. Sennett,* for respondent.

On the question of the sufficiency of the evidence, the plaintiff has here produced the same evidence offered on the former trial of this cause, and the supreme court having held same sufficient, such holding becomes the settled law of this case on this appeal. Booren v. McWilliams, 26 N. D. 585, 140 N. W. 410, Ann. Cas. 1916A, 388.

The complaint does not allege an express promise of marriage. But even if it did, it is not necessary to prove it in direct terms, at least on the part of the woman. It is enough if circumstances are adduced from which a promise can with reason be inferred. 5 Cyc. 1016; Green v. Spencer, 3 Mo. 318, 26 Am. Dec. 672; Musselman v. Barker, 26 Neb. 737, 42 N. W. 759; Wightman v. Coates, 15 Mass. 1, 8 Am. Dec. 77; McConahey v. Griffey, 82 Iowa, 564, 48 N. W. 983.

Positive proof of request and refusal is never required; but they may be inferred from circumstances, and the request may be made by the father or friend whose authority may be inferred from existing relations. Morgan v. Yarborough, 5 La. Ann. 316; Wells v. Padgett, 8 Barb. 323; Daniel v. Bowles, 2 Car. & P. 553; Wightman v. Coates, 15 Mass. 1, 8 Am. Dec. 77; Johnson v. Caulkins, 1 Johns. Cas. 116, 1 Am. Dec. 102; Green v. Spencer, 3 Mo. 318, 26 Am. Dec. 672; Bracken v. Dinning, 141 Ky. 265, 132 S. W. 425; Kennedy v. Rodgers, 2 Kan. App. 764, 44 Pac. 47; Johnson v. Leggett, 28 Kan. 590; Homan v. Earle, 53 N. Y. 267; Blackburn v. Mann, 85 Ill. 222; Thurston v.

Cavenor, 8 Iowa, 155; Coil v. Wallace, 24 N. J. L. 291; Chamness v. Cox, 131 Ind. 118, 30 N. E. 901.

An immaterial variance will be disregarded or an amendment allowed.  3 Enc. Pl. & Pr. p. 690.

A promise of marriage may be shown by the acts and conduct of the defendant, and by the close, intimate, and open relations of the parties, and in case of breach, accompanied with a seduction induced and brought about wholly under such promise, the injury is infinitely greater than where there is breach only.  Wrynn v. Downey, 4 L.R.A.(N.S.) 616, and note, 27 R. I. 454, 114 Am. St. Rep. 63, 63 Atl. 401, 8 Ann. Cas. 912; Stokes v. Mason, 85 Vt. 164, 36 L.R.A.(N.S.) 388, 81 Atl. 162, Ann. Cas. 1914B, 1199; Leavitt v. Cutler, 37 Wis. 46; Giese v. Schultz, 69 Wis. 521, 34 N. W. 913; Musselman v. Barker, 26 Neb. 737, 42 N. W. 759; Fleetford v. Barnett, 11 Colo. App. 77, 52 Pac. 293; Liese v. Meyer, 143 Mo. 547, 45 S. W. 282; McKinsey v. Squires, 32 W. Va. 41, 9 S. E. 55; Royal v. Smith, 40 Iowa, 615; Coolidge v. Neat, 129 Mass. 146; Bennett v. Beam, 42 Mich. 346, 36 Am. Rep. 442, 4 N. W. 8; Goodall v. Thurman, 1 Head, 209; Vanderpool v. Richardson, 52 Mich. 336, 17 N. W. 936; Fidler v. McKinley, 21 Ill. 308; Lanigan v. Neely, 4 Cal. App. 760, 89 Pac. 441.

In this state appellate courts will not interfere with the verdict of the jury unless the amount awarded is so grossly excessive as to shock the moral sense and raise a reasonable presumption that the jury, in the rendition of its verdict, was actuated and influenced by passion or prejudice.  Marshall v. Taylor, 98 Cal. 55, 35 Am. St. Rep. 144, 32 Pac. 867; Wilson v. Fitch, 41 Cal. 386, 9 Mor. Min. Rep. 155; Harris v. Zanone, 93 Cal. 59, 28 Pac. 845; Wheaton v. North Beach & M. R. Co. 36 Cal. 590, 2 Am. Neg. Cas. 164; Howland v. Oakland Consol. Street R. Co. 110 Cal. 513, 42 Pac. 983; Aldrich v. Palmer, 24 Cal. 513; Lee v. Southern P. R. Co. 101 Cal. 118, 35 Pac. 572; Broyhill v. Norton, 175 Mo. 190, 74 S. W. 1024; Fisher v. Kenyon, 56 Wash. 8, 104 Pac. 1127, 20 Ann. Cas. 1264; Kennedy v. Rodgers, 2 Kan. App. 764, 44 Pac. 47; F. A. Patrick & Co. v. Austin, 20 N. D. 261, 127 N. W. 109; Lawyer v. Globe Mut. Ins. Co. 25 S. D. 549, 127 N. W. 615; Nilson v. Horton, 19 N. D. 87, 123 N. W. 397; Acton v. Fargo & M. Street R. Co. 20 N. D. 434, 129 N. W. 225; Casey v. First Nat. Bank,

34 N. D.—6.

20 N. D. 211, 126 N. W. 1011; Jacoby v. Stark, 205 Ill. 34, 68 N. E. 557; Lanigan v. Neely, 4 Cal. App. 760, 89 Pac. 441.

The jury in such cases has the right to consider the financial condition and circumstances of the defendant, as tending to show the plaintiff's reasonable expectations of wordly advantage resulting from the marriage. Collins v. Mack, 31 Ark. 685; Reed v. Clark, 47 Cal. 194; Wilbur v. Johnson, 58 Mo. 600; Royal v. Smith, 40 Iowa, 615; Bennett v. Beam, 42 Mich. 346, 36 Am. Rep. 442, 4 N. W. 81; Fidler v. McKinley, 21 Ill. 308.

Fisk, Ch. J. Action to recover damages for breach of promise of marriage aggravated by seduction. Plaintiff had judgment in the court below for $10,000, and costs. Defendant appeals both from the judgment and from an order denying his motion for a new trial. The cause was here on a former appeal, and for a general statement of the facts, see opinion in 26 N. D. 558, 145 N. W. 410, Ann. Cas. 1916A, 388.

Appellant relies upon the specifications urged on his motion for a new trial in the district court. These are four in number as follows:

"1. Insufficiency of the evidence to justify the verdict.

"2. That the evidence is of such character that the verdict should be set aside as a matter of discretion.

"3. The verdict is against law and contrary thereto.

"4. Excessive damages appearing to have been given under the influence of passion or prejudice."

We observe that appellant does not challenge the correctness of a single ruling of the trial court made during the lengthy trial; nor does he challenge in any way the instructions to the jury. We therefore have a right to assume, at least in so far as the presiding judge is concerned, that from defendant's viewpoint the trial was eminently fair and free from prejudicial error.

Counsel for appellant in their motion for a new trial set forth numerous particulars wherein they assert that the evidence is insufficient to justify the verdict, as follows:

"1. It is insufficient in this there is no evidence whatsoever showing or tending to show an express promise of the defendant to marry the plaintiff.

"2. It is insufficient in this, it shows no meeting of the minds, no

mutuality, no offer of marriage on the part of the defendant, no acceptance on the part of the plaintiff.

"3. The only evidence in this case as to direct promise of marriage is that testified to by plaintiff, that the night before defendant had sexual intercourse with the plaintiff, he said while hugging and kissing her, 'As we are going to get married, we might as well get acquainted.' The plaintiff made no response to this statement. Such statement does not establish or tend to prove an express, mutual, or implied promise of marriage. The verdict, therefore, does not conform to the evidence, but in fact conflicts therewith.

"4. It is insufficient in this, there is no evidence in the case from which an implied promise of marriage can be inferred or found, as none of the indicia usually and generally attendant upon an engagement of marriage shown or established by any evidence.

"The defendant never gave her any presents, never presented her with an engagement ring, never escorted her to any public place or to any entertainment, did not keep company with her, and was not seen in her company. Defendant never admitted to his or their acquaintances any engagement of marriage, and never introduced her as his betrothed wife.

"5. It is insufficient, in this, that the acts and conduct of the plaintiff, as disclosed by her own testimony, fail to establish any implied promise of marriage, and are inconsistent and in conflict with an engagement to marry, in this. She continued to work for the defendant for wages, after the acts of sexual intercourse testified to by her. She kept company with other men till toward the close of July. She went to dances with other men during the time she claimed to be engaged to the defendant, and stayed out all night long with other men during that same time. She went to public entertainments with other men, when the defendant attended the same entertainments in the company of others. She had other men call on her.

"The plaintiff claims that all acts of sexual intercourse between her and defendant took place in her own room, and that he slept with her in the month of May. The evidence shows that at that time Gladys Britten slept with plaintiff every night, she being a girl about eleven or twelve years of age.

"6. It is insufficient in that it fails to prove seduction of the plaintiff by the defendant.

"7. It is insufficient in that it fails to show that the sexual intercourse, if any, was subsequent to the promise of marriage alleged.

"8. It is insufficient in that it fails to show that plaintiff consented to sexual intercourse with defendant, *solely by reason of such promise.*

"9. It is insufficient in that it fails to show that there would have been no consent except for the promise.

"10. It is insufficient in that, it fails to show who was the father of the child born to plaintiff. The evidence of the plaintiff as to the paternity of the child is contradicted in every particular, and her testimony stands alone.

"11. It is insufficient in this, that evidence of sexual intercourse is incompetent and inadmissible to show a mutual or implied promise of marriage, and when such relations appear from the testimony, as in this case, to have been illicit, immoral, and illegal, in their inception, the evidence is incompetent and inadmissible to prove a contract of marriage, as a promise or a contract based on an immoral or illegal consideration is against public policy, is unenforceable, and absolutely void."

In their printed brief in this court they argue the above particulars under eight separate points or subheads, but we deem it sufficient to treat the matters together and only in a general way. It would serve no useful purpose to go into minute details in reviewing the testimony, or to quote at length therefrom. It is, in all essential particulars, substantially the same as disclosed by the record on the former appeal. If anything, it is a little stronger in respondent's favor on the present appeal than it was on the former one. On such former appeal the question of the sufficiency of the evidence was raised and elaborately argued, and we there held it sufficient for submission to the jury, and we see no good or sound reason for holding to the contrary on this record, even if we were free to do so. But the testimony being in substance and effect the same on both appeals, our decision on this point in respondent's favor on the first appeal became the law of the case, and, under a well-settled rule, was controlling on the district court at the last trial, and is controlling here on this appeal. .3 Cyc. 402; Street v. Chicago, M. & St. P. R. Co. 130 Minn. 246, 153 N. W. 518; Musser v. Musser,

98 Neb. 398, 152 N. W. 746. We need not rest our decision, however, on such rule alone; for an examination of the record serves to convince us that, while the testimony is in some respects weak and unsatisfactory, we think it was nevertheless clearly the duty of the trial court to submit the same to the jury. The distinguished counsel for appellant evidently thought likewise at the trial, or they at least recognized the force of the rule above mentioned; for they made no motion, either at the close of plaintiff's testimony or after both parties had rested their case, to exclude the same from the jury. They were therefore in rather poor position to urge their motion for a new trial in the court below on this point, and are in equally poor position to ask this court to now decide that the lower court, in denying their motion based on such ground, abused its discretion. By this we do not wish to be understood as holding that appellant is solely, by reason of such failure, now precluded absolutely from raising the question of the sufficiency of the evidence, but it is a circumstance entitled to be noticed in considering the merits under this specification.

Owing to the importance of the case, we have concluded to briefly state some additional reasons for holding that specification numbered 1 cannot be sustained. In the first place, this action has been tried three times in the court below, and on each trial a verdict was returned in respondent's favor. The second verdict was for $12,000, and was vacated by stipulation on the ground of a mistrial. The first and third verdicts were each for $10,000. It is a general rule that where two or more successive and concurrent verdicts have been returned, the appellate court will be strongly disinclined to interfere with the last one, if the evidence is conflicting and there is any evidence reasonably tending to support the verdict, even though it may not be entirely satisfactory or such as would lead the appellate court to the same conclusion upon an original consideration, unless it is plain that the verdict is based upon evidence which does not tend to prove a material fact necessary to a recovery, or is in palpable disregard of the evidence. 3 Cyc. 355, 356, and cases cited; see also the citations to recent cases in the 1916 supplement to Cyc.

It is contended that the evidence does not show an express promise of marriage, or that plaintiff gave her consent to marry defendant. This contention is overruled. The complaint does not allege an express prom-

ise, and all that it was incumbent on plaintiff to prove was a state of facts from which it might reasonably be inferred that a mutual agreement to marry was entered into. 5 Cyc. 1016; Green v. Spencer, 3 Mo. 318, 26 Am. Dec. 672; Musselman v. Barker, 26 Neb. 737, 42 N. W. 759; Wightman v. Coates, 15 Mass. 1, 8 Am. Dec. 77; McConahey v. Griffey, 82 Iowa, 564, 48 N. W. 983. On the former appeal we held the evidence sufficient on this point, and it was in substance the same on this last trial.

Appellant's points 2 and 3 relate to the alleged insufficiency of the evidence to show an implied promise of marriage consented to by plaintiff, and they are already sufficiently answered.

Under point 4 appellant cites numerous authorities to the proposition that a promise of marriage based upon an immoral or illegal consideration such as illicit sexual intercourse is void as against public policy. These authorities, no doubt, correctly state the law, but they are not here in point, for under plaintiff's testimony, which the jury evidently believed to be true, they had a right to infer that a promise of marriage was made some time prior to the first act of sexual intercourse between the parties, and that the consideration for such promise was not the subsequent illicit relations. Plaintiff did not rely upon proof of such illicit intercourse to establish the promise of marriage, but she did rely thereon to show in aggravation of damages that defendant seduced her. We disagree with appellant's counsel in his statement under point 5, that there is no proof that the promise of marriage was the inducing cause which led to the sexual intercourse. It may be true that there is no direct testimony to this effect, but such proof was not required, as the jury were justified in inferring this from all the facts and circumstances. They were also justified in the inference that defendant promised to marry plaintiff without any intention whatever of keeping such promise, and with the corrupt intent of later using the promise in persuading plaintiff to yield her person to satisfy his lustful desires.

Points 6 to 8 inclusive have been considered and we deem them untenable. We do not question the correctness of the rules of law as announced by the authorities cited by appellant's counsel under these points, but we deem them not applicable or controlling under the record facts in the case at bar. Having reached the conclusion that the evidence is sufficient to support the verdict, and that the trial court did not

abuse his discretion in denying the motion for a new trial on the ground of alleged insufficiency of the evidence, nothing further need be said with reference to specifications numbered 1 to 3.

This brings us to the appellant's last specification, which is, "Excessive damages appearing to have been given under the influence of passion or prejudice." In support of this specification counsel cite numerous authorities upon the duty of the court in cases where it has arrived at the legal conclusion that the verdict is excessive and rendered through passion and prejudice. We need not cite these authorities in this opinion. They are, no doubt, sound, but they merely voice the plain rule of our statute, § 7660, Comp. Laws 1913. The question which we are here called upon to decide is whether, as a matter of law, we should hold that the verdict is excessive and apparently given under the influence of passion or prejudice. As before stated, the case has been tried three times, with the same result, except, at the second trial, the verdict was for $12,000. In the light of these facts when considered in connection with all the facts and circumstances disclosed by the record, it would be rather presumptuous on our part to say, what the trial judge refused to say, that these triers of the facts were actuated by prejudice or bias in assessing plaintiff's damages. Clearly we would not be justified in so holding. Nor are we justified, under the authorities, in saying as a matter of law that the verdict is excessive under the proof. It is well settled that an appellate court will not interfere in such cases, unless the verdict is so grossly and palpably excessive as to shock the moral sense and raise a reasonable presumption that the jury must have been influenced by passion or prejudice in arriving at the verdict. Lanigan v. Neely, 4 Cal. App. 760, 89 Pac. 441; Bennett v. Beam, 42 Mich. 346, 36 Am. Rep. 442, 4 N. W. 8; Marshall v. Taylor, 98 Cal. 55, 35 Am. St. Rep. 144, 32 Pac. 867; Cox v. Edwards, 126 Minn. 350, 148 N. W. 500, Ann. Cas. 1915D, 491. In the latter case a verdict for $17,425 was sustained, the defendant admitting that he was worth from $75,000 to $100,000. In Hess v. Zimmer, 152 Wis. 193, 139 N. W. 740, a verdict for $2,000 was held not excessive, defendant owning property worth but $12,000. In Liese v. Meyer, 143 Mo. 547, 45 S. W. 282, a verdict for $10,000 was held not excessive. See also Geiger v. Payne, 102 Iowa, 581, 69 N. W. 554, 71 N. W. 571, where a verdict for $16,000 was sustained as not ex-

cessive, the proof showing defendant's wealth to be from $50,000 to $75,000.

Numerous other examples of what are and what are not excessive verdicts in cases of this nature may be found in 41 L.R.A.(N.S.) 853, note; also 16 Ann. Cas. 981, note.

We feel constrained for the above reasons to overrule the various contentions of the appellant. The judgment and order are accordingly affirmed.