[File No. 229]

## GERHARD HUUS, Respondent, v. G. ROY RINGO, Appellant.

(47 NW2d 216)

Opinion filed February 27, 1951

*McGee & McGee* and *Francis Murphy,* for appellant.

*B. H. Bradford,* for respondent.

GRIMSON, J.   The plaintiff brought this action for damages on account of severe injuries he received in a fall down an elevator shaft in a building owned by the defendant, alleging that such fall and injuries were caused by the negligence of the defendant, the owner of the building.   This case comes before us the second

time. On the first trial the jury found for the plaintiff. The defendant appealed, alleging numerous errors. A new trial was granted because of errors in the admission of testimony. Upon the second trial the objectionable testimony was omitted. The jury again found for the plaintiff and a judgment for damages was rendered against the defendant. From that judgment and from an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial this appeal is taken.

In the former opinion, Huus v. Ringo, 76 ND 763, 39 NW2d 505, the evidence is well summarized and a plat of the floor plan of the Ringo building where the accident happened is set out. Briefly, the evidence is that the plaintiff and his wife called upon one Irvin Syverson on the evening of Oct. 5, 1946, at his apartment on the first floor of this Ringo building. About midnight the plaintiff left the apartment with the intention of going to the toilet which he knew was located across the hall some eight feet to the right of the Syverson apartment. To get there he had to pass an elevator shaft also located across the hall from the Syverson apartment next to the toilet and between the apartment and the toilet. He found the hall dark. He proceeded in the dark toward the toilet. He testified that he opened no door but on the way he fell into the elevator shaft and dropped some nine feet to the bottom of the shaft. The inference from his testimony is that the door to the elevator shaft had been left open. Reference is made to the former opinion for a further statement of the evidence.

Many of the errors assigned on this appeal were raised and passed upon by this court in the former appeal. When the evidence is substantially the same on a second trial, the decisions of the appellate court on the first appeal upon questions arising from the evidence and fairly presented become the law of the case which governs future trials as far as applicable. Schmidt v. Beiseker, 19 ND 35, 120 NW 1096; Umsted v. Colgate Farmers Elevator Co. 22 ND 242, 133 NW 61; Stimson v. Stimson, 30 ND 78, 152 NW 132; Booren v. McWilliams, 34 ND 74, 157 NW 698; State Bank v. Sukut, 50 ND 397, 196 NW 100; Dubs v. Northern Pacific Railway Co. 51 ND 113, 199 NW 191;

Wittmayer v. Security State Bank, 57 ND 934, 224 NW 303; 5 CJS Appeal and Error, Sec 1821, p 1267.

On the former appeal of this case this court held that the relationship between Syverson and the defendant was that of landlord and tenant. That the plaintiff was an invitee of said Syverson. That the defendant owed plaintiff the duty to keep in reasonably safe condition the halls, stairways and other approaches maintained by him for the common use of his tenants and invitees. That the receipt in evidence of an ordinance of the City of Minot specifying the manner in which doors to elevator shafts should be constructed and guarded, the reading thereof to the jury and the instructions of the court thereon and on the measure of damages were not erroneous.

These same questions are reassigned as error upon the second appeal on the theory that the evidence now is more definite and specific and justifies a reconsideration of these matters by this court. To warrant such reconsideration the difference is the evidence must be substantial. Minot Flour Mill Co. v. Auslander, 62 ND 374, 243 NW 750. No substantial difference is pointed out by counsel. We have carefully read and scrutinized the evidence, given in both trials. While the testimony of some of the witnesses is more in detail on the second trial, and there is some further cumulative evidence, nothing new is brought out and the inferences arising from the evidence are the same. We do not find any sufficient differences in the evidence on these matters to warrant a reversal of the conclusions that were reached by this court on the former appeal.

Error is assigned on the refusal of the court to give defendant's request for instruction on legal definition of the word, "trap." There is no claim in the evidence that the circumstances shown constituted a trap. There was no basis for such an instruction. The request was properly refused.

Then error is alleged on the refusal of the court to strike out the testimony of the plaintiff and his witnesses relative to the presence of a water tank and soft drink boxes in the hallway. This evidence was merely a part of the description of the hallway and its condition at the time of the accident. It was but a part

of the whole picture placed before the jury of the situation at that time. There was no error in refusing to strike it out.

The defendant claims that the plaintiff's attorney, during the argument to the jury, made prejudicial remarks amounting to misconduct. The transcript does not show what those remarks actually were. The statement of the case was amended to include the affidavits of counsel on both sides on that matter. In those affidavits each attorney states his version of what was said. It appears that the objectionable statement of counsel was a reference to a padlock on the door of the elevator shaft and the conflict in the affidavits is whether the statement included an assertion that the padlock was placed on the door after the accident. Of that and what then occurred the trial court in his memorandum opinion says:

"In my opinion, nothing whatsoever was said by attorney Bradford during his argument as to when the padlock was placed on the door of the elevator shaft, but, merely that he called attention to the jury to what they had an opportunity to see when they took a view of the premises, and in particular, the padlock on the door of the elevator shaft. Thereafter, attorney Francis Murphy objected to the statement, and his objection was sustained, and the jury was instructed to disregard attorney Bradford's statement with respect to the padlock, and furthermore, the undersigned judge instructed the jury that the purpose of the view of the premises was to enable them to understand the evidence that had been presented and heard in Court, and in particular the courtroom, and that the view was not for the purpose of presenting new evidence to the jury. Thereupon, the attorney for the plaintiff withdrew the statement with respect to the view of the premises."

Before the argument the jury, on the motion of the plaintiff, in which defendant joined, had been allowed to view the premises where the accident happened under proper instructions by the court emphasized at the time of the above occurrences. Apparently there was then a padlock on the doors to the elevator shaft which had not been mentioned in the evidence. It was, however, a visual fact which the jury could not help but see on

examination of the doors to the elevator shaft involved in the accident. According to the court's finding, the attorney did not say when this padlock had been put on the elevator door. His statement was only what the jury had seen and conveyed to the jury nothing more than what they must have observed. As far as the jury knew or were told by the attorney that padlock could have been there before the accident. If there was any error in that connection it was waived by the defendant in joining in the request that the jury view the premises. The jury was properly instructed "not to consider their own observations of the premises as evidence," and to disregard the attorney's reference to a padlock, which reference was also withdrawn by the attorney. Everything possible was done to cure any error that might have occurred. Under the circumstances the reference of counsel to the padlock cannot be held prejudicial error. Reichert v. Northern Pacific Railway Co., 39 ND 114, 147, 167 NW 127; Hamilton v. Charlebois, 63 ND 504, 513, 248 NW 676; 5 CJS Appeal and Error, Section 1713, p 915.

The question of whether there was negligence on the part of the plaintiff which contributed to the accident was again brought before the court. That was considered in the former opinion and found to be a question for the jury. The only further evidence offered as bearing on that matter at this hearing was the testimony of three more witnesses on behalf of the defendant claiming they had observed indications of liquor on Huus and Syverson at the time of the accident. Their testimony, however, is merely cumulative of the testimony offered on the first hearing and again on this hearing. The jury saw and heard these new witnesses as well as the former ones and their testimony was not sufficient to change the jury's verdict. Cumulative testimony does not prevent the application of the law of the case. Zurich General Accident & Liability Ins. Co. v. O'Keefe, 64 Fed2d 768. A close scrutiny of the evidence confirms the analysis of the court on the first appeal that the plaintiff had sufficient acquaintance with the premises to make his conduct at the time of the accident a matter for the jury rather than a matter of law.

On the matter of the sufficency of the evidence to sustain the

verdict it is argued that there is no sufficient evidence to show the knowledge of the defendant of the alleged negligent conditions in which the elevator shaft was maintained at the time of the accident. This question was fully covered in the court's instructions. The evidence was such that the jury could find he had constructive, if not actual, knowledge of the faulty conditions. Defendant himself had some acquaintance with the elevator shaft. The jury could find from the evidence that his agents repaired it and left a hole in one door through which a hand could be inserted and the door opened from the outside. The Minot ordinance in evidence provided that the doors to elevator shafts should be opened from the inside only.

It is finally argued that the verdict was excessive and arrived at under the influence of passion and prejudice. The plaintiff was a barber. In this accident his right leg was shortened approximately two inches, his right wrist broken and somewhat stiffened so as to delay his work as a barber. He testified to continual pains on account of these injuries. The verdict on the original trial was for $17,424.46. On this trial the verdict was $18,983.00. This court on the former appeal held that one proper point of inquiry to find the damages was the plaintiff's comparative capacity to earn money at the time of and after the injury. That rule was again followed in this trial and on the basis of his testimony of the loss of $15.00 per week during the balance of his life expectancy which was 27 years, and his expenses for medical and hospital fees there was sufficient evidence to sustain the verdict even without allowing anything for the pain and suffering to which he testified. Three years had elapsed since the accident. The jury could observe his physical condition which he claimed had not improved in that time. There was no expert medical testimony as to the permanence of those injuries. On the previous appeal this court held that not necessary. The record shows, however, that the defendant caused an examination of the plaintiff to be made at the Northwest Clinic in Minot just prior to the first trial but offered no testimony to contradict the plaintiff's claim of permanent injury.

There is sufficient evidence to sustain the verdict, without any presumption that passion and prejudice influenced the jury. Two juries have come to approximately the same conclusion. The trial court refused to set either verdict aside. This court would not be justified in overruling the jury and the trial court under the evidence and record in this case. Booren v. McWilliams, 34 ND 74, 87, 157 NW 698.

The Judgment of the District Court is affirmed.

MORRIS, C. J., and BURKE, J., concur.

SATHRE, J., did not participate.

CHRISTIANSON, J. This case was before this court on a former appeal. Huus v. Ringo, 76 ND 763, 39 NW2d 505. On that appeal I joined in the dissenting opinion prepared by Judge Miller holding that the plaintiff was guilty of contributory negligence as a matter of law and that the action should be dismissed. The material facts set forth in the dissenting opinion have not been changed or affected by any evidence that was offered upon the second trial. However, there is additional testimony to the effect that the plaintiff had been drinking intoxicating liquor that evening and to this extent the testimony of the doctor given upon the former trial is corroborated by the testimony of a witness who did not testify on the former trial.

While I adhere to the views expressed in the dissenting opinion on the former appeal I am not prepared to say that the evidence upon the second trial is so different that the decision of the court on the questions of negligence and contributory negligence on the former appeal is not controlling on this appeal as the law of the case.