## KORTE v. HOFFMAN, *Appellant.*

1.    **Breach of Promise:** FINDING NOT DISTURBED. Where a jury, in a suit for breach of promise, upon proper instructions, find for plaintiff, and there is evidence to support the finding, the same will not be disturbed.

2.    **Practice:** EXCEPTIONS TO EVIDENCE. Unless specific objections are made to the admission of evidence and proper exceptions saved, the supreme court will not consider the same.

3.    **Evidence:** DEPOSITION. After defendant had, on cross-examination of plaintiff, read certain parts of her deposition taken by him, for the purpose of impeachment, it was competent for the plaintiff to read the whole to the jury.

4.    **Practice:** NEW TRIAL. It was no ground for new trial, under the facts of this case, that on a trial anew, defendant's nerves might be in a condition to enable him to testify to a better advantage.

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*W. B. Thompson* for appellant.

(1) The deposition of the plaintiff in this case was inadmissible while she was present. *Priest v. Way*, 87 Mo. 16. (2) The court erred in not giving the defendant's instructions without modification and in giving modified instructions on the question of a conditional promise of marriage. (3) The court committed error in this case by failing to consider the question contained in the affidavits filed in support of the motion for a new trial. The defendant had never been on the witness-stand but once before, and that in a small case, where he was confounded, and on this trial he was suffering

from a fright and from the false accusations of plaintiff, which paralyzed his senses.

*Louis Gottschalk* for respondent.

(1) The answer being a general denial, it was incompetent for defendant to rely at the trial upon a conditional promise of marriage. (2) The finding of the jury, after the very full instructions given to them, as to the existence of an unconditional agreement to marry, will not be disturbed by this court, as the evidence of plaintiff, as well as that of defendant, both establish this fact. *Roper v. Clay,* 18 Mo. 385 ; *Wilber v. Johnson,* 58 Mo. 602. (3) After defendant had, on cross-examination of plaintiff, read certain parts of her depositions taken by him at his office for the purpose of impeaching her, it was competent for the plaintiff to read the whole to the jury. *State v. Phillips,* 27 Mo. 475 ; *Prewitt v. Martin,* 59 Mo. 333 ; *Norris v. Brunswick,* 73 Mo. 256. (4) As defendant virtually admitted in his evidence his promise to marry and his breach, the only question was as to the amount of damages, and the amount found by the jury is reasonable, under the circumstances, and taking into consideration the wealth of defendant. *Kraxberger v. Roiter,* 91 Mo. 404.

Brace, J.—This is an action for damages for breach of promise of marriage in which the plaintiff recovered judgment in the trial court for three thousand dollars. The answer was a general denial.

There was evidence tending to show an unconditional agreement between the parties to marry at an indefinite time in the near future ; that defendant refused to perform his agreement, and married another woman, and there was evidence tending to prove that the agreement to marry was conditioned upon the approval of the match by the children of the defendant,

who was a widower of mature years in comfortable circumstances. It was conceded that defendant refused to marry the plaintiff and married another woman.

The question of fact in controversy was whether the engagement between the parties was absolute and unconditional as claimed by the plaintiff, or conditional and dependent upon the approval of his children as claimed for the defendant. This issue was submitted to the jury upon instructions as favorable to defendant as ought to have been given and they found for the plaintiff ; there being evidence in the case to support that finding, its sufficiency will not be enquired into or the finding reviewed by this court. *Wilbur v. Johnson*, 58 Mo. 600.

The contract and its breach being established by the verdict, the damages are not excessive, under all the facts and circumstances as they appear in the evidence.

Several objections are urged to the action of the court in admitting evidence for the plaintiff, but we find no error affecting the merits of the case in this behalf, in any instance where specific objections were made, and saved by proper exceptions, and it is only such that this court will review.

After defendant had, on cross-examination of plaintiff, read certain parts of her deposition taken by him, for the purpose of impeachment, it was competent for the plaintiff to read the whole to the jury. *State v. West*, 95 Mo. 139, and cas. cit.

It was assigned as a ground for new trial that when the defendant was testifying in his own behalf, he was so nervous, excited and embarrassed that he forgot many important facts, and answered in such a manner as to prejudice his case, and the refusal of the court to grant him a new trial on affidavits to that effect is complained of here as error. It is possible that defendant's nerves might be in a condition to enable him to testify to

a better advantage if he were afforded another opportunity, but we hardly feel called upon by the evidence in this case to set a precedent that will enable him to do so.

The judgment is affirmed. All concur except BARCLAY, J., not sitting.