## HATTIE FISHER, Respondent, v. G. J. OLIVER, Appellant.

St. Louis Court of Appeals.    Argued and Submitted January 10, 1913.    Opinion Filed March 1, 1913.

1. APPELLATE PRACTICE: Conclusiveness of Verdict. A verdict which is supported by substantial evidence is conclusive, on appeal.

2. BREACH OF MARRIAGE PROMISE: Sufficiency of Evidence. In an action for a breach of promise of marriage, evidence *held* sufficient to warrant the submission of the case to the jury.

3. APPELLATE PRACTICE: Review: Motion for New Trial: Sufficiency of Assignments. One of the grounds stated in a motion for new trial was, that the damages awarded by the verdict were exorbitant and grossly excessive. One of the errors assigned in the appellate court was, that the damages awarded were not only against the law and the evidence but were the result of sympathy, passion and prejudice. *Held,* that while the assignment did not follow the language of the motion for a new trial, nevertheless, in so far as it attacked the verdict as the result of passion and prejudice, it substantially put in issue the amount of the verdict.

4. BREACH OF MARRIAGE PROMISE: Damages: Elements of Damages. In an action for breach of promise of marriage, defendant's wealth and ability to pay may be taken into consideration in estimating the damages.

5. ———: ———: ———: Instructions. In an action for breach of promise of marriage, the jury were properly instructed that, if they found for plaintiff, they could consider, in determining the damages, her mortification, injured feelings and affections,

wounded pride, length of engagement, depth of her devotion, lack of independent means, defendant's wealth and consequent loss of the marriage to plaintiff, and her altered social position caused by defendant's conduct.

6. ——: ——: ——: **Excessiveness of Verdict.** In an action for damages in the sum of $20,000 for breach of contract of marriage, where it was shown that defendant was worth over $70,000 while plaintiff was practically without means, *held* that a verdict in favor of plaintiff for $4000 was not excessive and did not indicate prejudice, passion or corruption on the part of the jury.

Appeal from Louisiana Court of Common Pleas.—*Hon. B. H. Dyer*, Judge.

AFFIRMED.

*D. A. Ball, J. E. Pew* and *Robert May* for appellant.

*Pearson & Pearson* for respondent.

REYNOLDS, P. J.—This is an action by plaintiff against defendant for the breach of a promise of marriage. The trial resulted in a verdict in favor of plaintiff in the sum of $4000, judgment following. Defendant, after filing his motion for new trial and in arrest and saving exception to those being overruled, has duly perfected his appeal to this court.

The court gave several instructions at the instance of plaintiff, none of which are now objected to by appellant. It refused two instructions asked by defendant, one to the effect that under the pleadings and evidence in the cause plaintiff was not entitled to recover; the other, that defendant's wealth and ability to pay was not to be taken into consideration when arriving at a verdict, "and that in any event if they should find that plaintiff is entitled to recover, she is only entitled to recover compensation for the actual damages, if any, she has shown by the evidence in this case that she has actually sustained by reason of de-

fendant's failure, if any, to comply with his agreement, if any, to marry plaintiff.''

Five instructions were given at the request of defendant.

There are but two assignments of error made before us by learned counsel for appellant, first, that the court committed error in refusing defendant's instruction in the nature of a demurrer to plaintiff's evidence, offered at the close of all the testimony. Second, that the court committed error in refusing to set aside the verdict because it was against the law and evidence and against the law under the evidence and was the result of ''sympathy, passion and prejudice.''

The evidence in the case, even as presented in appellant's abstract and in respondent's supplemental abstract, which latter is not challenged, shows beyond question that there was evidence in the case entitling plaintiff to go to the jury. In point of fact, when the argument of counsel for appellant is considered, the gravamen of their complaint is, not that there was no substantial evidence whatever in the case, but that the weight of the evidence is insufficient to sustain the verdict. As has been decided in case after case by our Supreme Court and by all the Courts of Appeals, the appellate courts do not weigh the evidence in actions at law, as is this. The weight to be given to the evidence, the credibility of the witnesses, are all matters for the consideration, primarily of the jury, then for that of the trial court. We cannot disturb a verdict when supported, as is the case at bar, by substantial evidence. That rule, as applicable to this class of actions, was specifically recognized by our Supreme Court in Wilbur v. Johnson, 58 Mo. 600, and Korte v. Hoffman, 97 Mo. 284, l. c. 286, 10 S. W. 390.

We are also obliged to hold that the second assigned error is untenable, in so far as it attacks the verdict as against the evidence. The plaintiff herself, in the most positive manner, testified to the promise,

giving the time, place and circumstances under which it was made. She is corroborated as to the promise by her sisters, who testified to arrangements for the wedding having been made in their presence, details of the proper dress for the occasion discussed, even the kind of supper that was to be given being gone over; that the marriage ceremony was to be performed at the residence of one of them and that this sister had been authorized to engage the minister who was to officiate on the occasion. Defendant denied all these matters in the most positive terms and also introduced some testimony as to acts inconsistent with the idea of a promise and as tending to show no engagement of marriage existed. But the jury had all this before them and were the proper parties to pass on the credibility of the witnesses who testified. Their verdict, confirmed as it is by the trial court, is, to repeat, conclusive upon us.

In the motion for new trial it is averred as the twelfth ground that the damages awarded by the verdict are exorbitant and grossly excessive. As will be observed, the assignment of error is that the damages awarded are not only against the law and the evidence but are the result of "sympathy, passion and prejudice." Counsel for respondent urge that this is not tantamount to the assignment contained in the motion for new trial. It is true that it does not follow the language of that motion but we hold that the motion, in so far as it attacks the verdict as the result of passion and prejudice, substantially puts in issue the amount of the verdict. We, however, are aware of no case in which it is held that "sympathy" on the part of the jury avoids a verdict.

In an instruction asked by defendant and which we have set out, the court was asked to instruct the jury that defendant's wealth and ability to pay were not to be taken into consideration in arriving at a verdict in the case and that plaintiff in an action of

this kind could only recover compensation for the actual damages sustained, if any, as shown by the evidence. That is not the law in actions for breach of promise of marriage.

It is laid down by a writer of accepted authority that "the action for breach of promise of marriage . . . though nominally an action founded on the breach of an agreement, presents a striking exception to the general rules which govern contracts. This action is given as an indemnity to the injured party for the loss she has sustained, and has been always held to embrace the injury to the feelings, affections, and wounded pride, as well as the loss of marriage. From the nature of the case, it has been found impossible to fix the amount of compensation by any precise rule; and, as in tort, the measure of damages is a question for the sound discretion of the jury in each particular instance, subject, of course, to the general restriction that a verdict influenced by prejudice, passion, or corruption will not be allowed to stand." [2 Sedgwick on Damages (9 Ed.), sec. 637.] That writer further says: "For the purpose of properly estimating the advantages of the proposed marriage it is admissible to show the pecuniary position of the defendant at the time of the breach of the contract." [*Ibid.,* sec. 638. See, also, 1 Sedgwick on Damages, sec. 50; Wilbur v. Johnson, supra, 1. c. 603; Bird v. Thompson, 96 Mo. 424, 9 S. W. 788; Connell v. Western Union Telegraph Co., 116 Mo. 34, 1. c. 42, 22 S. W. 345; Liese v. Meyer, 143 Mo. 547, 1. c. 562, 45 S. W. 282; Broyhill v. Norton, 175 Mo. 190, 1. c. 203, 74 S. W. 1024.]

At the instance of plaintiff the jury were instructed as to damages, that if they found for plaintiff, in determining the amount of damages she had sustained, they could take into consideration, as may appear from the evidence in the case, her mortification, injured feelings and affections; wounded pride; length of the engagement; the depth of her devotion;

her lack of independent means; the defendant's wealth and the consequent loss of the marriage to plaintiff and her altered social position caused by defendant's conduct. No error is assigned before us to the giving of this instruction. It is in line with the authorities above cited and is correct, while, as we have seen, the instruction asked by defendant as to the measure of damages was properly refused.

Nor can we hold that the amount of the verdict is excessive, or that in its amount it evidences passion, prejudice, or corruption on the part of the jury. The verdict, as before stated, was for $4000, the sum demanded in the petition being $20,000, and the jury were directed, if they found for plaintiff, not to exceed that limit. It appears, according to the admission of defendant himself when testifying, that he is worth over $70,000, while plaintiff is practically without any means.

In Broyhill v. Norton, supra, the verdict was for $25,000. Our Supreme Court held that the award of this large sum was doubtless induced by defendant's own baseless insinuations against the character of the plaintiff, the defendant being a letter carrier and of no considerable means whatsoever. But the court held that it would not reverse as for an excessive verdict, if a remittitur of one-half the amount was entered by plaintiff. In the case at bar, there was no reflection whatever upon the character of plaintiff by defendant, and beyond the breach of the contract, no circumstances of particular aggravation in evidence. Considering the pecuniary condition of the parties, we do not find any reason to hold the verdict excessive or affording any basis for the claim that it is the result of passion or prejudice on the part of the jury. After all, as before remarked by us, and as laid down by the authorities we have cited, the determination of the amount of damages in a case of this kind is so entirely a matter for the jury and the trial court that unless our

court is satisfied from the amount awarded or by occurrences at the trial that it is so grossly excessive as to indicate prejudice, passion, or corruption on the part of the jury, we will not disturb it.  We see no evidence of this in the case at bar and find no reversible error.

The judgment of the circuit court is affirmed.  *Nortoni* and *Allen, JJ.,* concur.