## ANNA THOMPSON v. WALTER B. SCOTT.

### (159 N. W. 21.)

**Promise of marriage — breach of — action for damages — testimony of plaintiff — corroboration not necessary.**

    1. Corroboration of plaintiff's testimony is not required in an action for breach of promise of marriage.

**Testimony — incredible — uniform course of nature — established physical facts — must be in conflict with — credence — lack of.**

    2. To declare testimony of a fact incredible, it must be so in conflict with the uniform course of nature or with fully established physical facts that no ordinarily intelligent, reasonable, and fair-minded man could give it credence.

Opinion filed July 22, 1916.

From a judgment of the District Court of Williams County, *Fisk, J.,* defendant appeals.

Affirmed.

*H. W. Braatelien,* for appellant.

In an action for damages for breach of promise of marriage, the testimony of the plaintiff upon all of the material matters must be corroborated. Huston v. Johnson, 29 N. D. 546, 151 N. W. 774; 5 Cyc. 1017; Giese v. Schultz, 65 Wis. 487, 27 N. W. 353; Musselman v. Barker, 26 Neb. 737, 42 N. W. 759; Chamness v. Cox, 131 Ind. 118, 30 N. E. 901; Kennedy v. Rodgers, 2 Kan. App. 764, 44 Pac. 47; Salchert v. Reinig, 135 Wis. 194, 115 N. W. 132; Fisher v. Kenyon, 56 Wash. 8, 104 Pac. 1127, 20 Ann. Cas. 1264; Booren v. McWilliams, 26 N. D. 558, 145 N. W. 410, Ann. Cas. 1916A, 388; Liebrandt v. Sorg, 133 Cal. 571, 65 Pac. 1098.

If the evidence in a given case is of such a character as to be grossly improbable, the verdict should be set aside. Oakland v. Nelson, 28 N. D. 456, 149 N. W. 337, 7 N. C. C. A. 661; McKnelly v. Brotherhood of American Yeomen, 160 Wis. 514, 152 N. W. 169.

A person relying upon an express promise must prove an offer and an acceptance. Krause v. Krause, 30 N. D. 54, 151 N. W. 991; Burnham v. Cornwell, 16 B. Mon. 284, 63 Am. Dec. 529; Yale v. Curtiss, 151 N. Y. 598, 45 N. E. 1125; Hinckley v. Jewett, 86 Neb. 464, 125 N. W. 1086.

Evidence of presents sent and exchanged is admissible on the question of the contract. Button v. Hibbard, 82 Hun, 289, 64 N. Y. S. R. 80, 31 N. Y. Supp. 483; Walker v. Johnson, 6 Ind. App. 600, 33 N. E. 267, 34 N. E. 100.

The conduct must be of such unequivocal character that a promise to marry can be fairly inferred. Bleiler v. Koons, 132 Pa. 401, 19 Atl. 140; Weaver v. Bachert, 2 Pa. St. 80, 44 Am. Dec. 161; Dupont v. McAdow, 6 Mont. 226, 9 Pac. 925.

*Palmer, Craven & Burns* and *George H. Moellring,* for respondent.

If the conduct and declarations of the parties clearly indicate that they regard themselves as engaged, it is not material by what means they have arrived at that state. Homan v. Earle, 53 N. Y. 267; Perkins v. Hersey, 1 R. I. 493; Adams v. Byerly, 123 Ind. 368, 24 N. E. 130; McKee v. Mouser, 131 Iowa, 203, 108 N. W. 228.

The acceptance of an offer of marriage need not be in so many words. It may be implied from acts of the parties and from the relations assumed by them at the time of and subsequent to the offer. Booren v. McWilliams, 26 N. D. 558, 145 N. W. 410, Ann. Cas. 1916A, 388.

Plaintiff's testimony need not be corroborated. Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011.

CHRISTIANSON, J. This is an action for damages for breach of promise of marriage, and resulted in a verdict in favor of the plaintiff for $300. Judgment was entered pursuant to the verdict, and this appeal is from the judgment.

The sole question presented on this appeal is whether the evidence is sufficient to sustain the verdict. The plaintiff has never been married, and during the time involved in this action she operated a hotel at Wheelock in Williams county in this state. The defendant is a widower, and was a practising physician at Ray, about 6 miles distant from Wheelock. The defendant's wife died in February, 1914. Plaintiff claims that defendant commenced to make love to her in March, 1914, and continued his courtship until about June 12, 1914, and that during this time, she, at his request, promised to marry him. That she has always remained willing and ready to marry him, but that he has refused to do so. The defendant denied absolutely any promise of marriage, express or implied, and flatly contradicted all material parts of plaintiff's testimony.

Appellant's counsel does not seriously contend that plaintiff's testimony, if true, fails to establish a marriage contract between the parties; but he asserts that this testimony is not sufficient unless corroborated. In his brief appellant's counsel says: "These assignments raise the question of the sufficiency of the evidence to sustain the verdict. The testimony of the plaintiff as to the fact that the defendant courted her, and promised to marry her, is denied by the defendant, and plaintiff's testimony is without corroboration supporting her contentions, unless the evidence that he was at plaintiff's place of business several times, and was seen 'all over the place,' as one of her witnesses testified, can be taken as corroboration. . . . The rule should be laid down in this jurisdiction, that when such contracts are expressly denied, as

in this case, that the plaintiff should corroborate her statements by such circumstances as usually surround such relation."          .

Our statutes require corroboration in certain cases, but they contain no provisions requiring corroboration in an action for breach of promise of marriage, and we are aware of no authority vested in the courts to add such requirement. "The people in their Constitution have said that, in cases like the one at bar, 'the right of trial by jury shall be secured to all, and remain inviolate.' N. D. Const. § 7. They have also said that such causes shall be tried and determined in the district court (Const. § 103), and that the supreme court 'shall have appellate jurisdiction only.' Const. § 86. Therefore on appeal in a jury case this court reviews only the errors assigned upon the proceedings had in the trial court. . . . In this case the prime question was one of credibility of the witnesses, and the weight of the testimony of the respective parties. These were questions for the jury." Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592, 603.

This action is governed by the same rules which ordinarily apply in other civil actions, and, in absence of statutory requirement to the contrary, corroboration of plaintiff is not required. Salchert v. Reinig, 135 Wis. 194, 115 N. W. 132; Kelley v. Brennan, 18 R. I. 41, 25 Atl. 346; Fisher v. Oliver, 172 Mo. App. 18, 154 S. W. 453.

We do not deem it necessary to set out the testimony, but it is sufficient to say that we are agreed that if plaintiff told the truth, the jury would be justified in finding that a marriage contract existed between the plaintiff and defendant. And while we are considerably impressed with the argument of appellant's counsel, wherein he assails the probability of certain portions of plaintiff's testimony, we are unable to agree with his deductions. The matters mentioned by appellant's counsel merely go to the question of whether plaintiff's story is probable or improbable; and the improbabilities of her story are not so great as to warrant us in saying that ordinarily intelligent men might not reasonably believe her story to be true.

In this case no motion for a new trial was made, but defendant stood on his motion for a directed verdict. Hence, before we would be justified in reversing the court's ruling on this motion we would be required to say that there is no credible evidence which, in the most favorable view, and granting all reasonable inferences and construction

in favor of the conclusion of the jury, tends substantially to support the verdict. "To declare sworn testimony of a fact incredible, we must be convinced that it is so in conflict with the uniform course of nature or with fully established physical facts that no reasonably intelligent [and fair-minded] man could give it credence." Salchert v. Reinig, supra. In this case the testimony of the plaintiff, if true, established sufficient facts to justify the jury in finding that a contract for marriage existed.

The judgment must be affirmed. It is so ordered.