# JENS JENSEN v. L. F. CLAUSEN.

(159 N. W. 30.)

**Witnesses — credibility — testimony of — weight of — questions for jury.**

    1. The credibility of witnesses and weight of their testimony are questions for the jury.

New trial — motion for — trial court — rulings of — grounds for — must be presented — waiver.

2. Where there is a motion for a new trial, rulings of the trial court constituting proper grounds for a new trial under the statute must be so presented; otherwise they will be deemed waived.

Evidence — admission — rulings on.

3. Certain rulings on the admission of evidence examined and held nonprejudicial.

Trial court — discretion — abuse of — new trial — motion for — newly discovered evidence.

4. It is held that the trial court did not abuse its discretion in denying a motion for a new trial on the ground of newly discovered evidence.

Complaint — cause of action — failure to set forth — objection — may be taken anytime — first in supreme court — not viewed with favor — liberal construction.

5. Where a complaint wholly fails to set out a substantial cause of action, and cannot be made good by amendment, the objection to its sufficiency may be urged at any time; but such objection is not viewed with favor where raised for the first time on appeal, and the complaint will be construed liberally and supported by every legal intendment.

Opinion filed August 10, 1916.

From a judgment of the District Court of Ward County, *Leighton, J.*, defendant appeals.

Affirmed.

*Francis J. Murphy* and *L. F. Clausen,* for appellant.

"Undue influence" under our statute exists where one person takes advantage of another's weakness of mind, or takes a grossly oppressive and unfair advantage of another's distress or necessity. Comp. Laws 1913, § 5852.

To obtain a verdict or finding that a certain act was procured by undue influence, it is necessary to show that its execution was the result of an influence which destroyed the free agency of the actor, and constrained him to act against his will. 13 Enc. Ev. p. 191, and cases cited.

The obtaining of property from another with his consent, induced by a wrongful use of force or fear or under color of official title is to make use of "undue influence." Comp. Laws 1913, §§ 9943, 9994.

Before a conveyance of real property will be set aside as having been given under duress or menace, the proof must be clear, specific, and satisfactory. Anderson v. Anderson, 17 N. D. 275, 115 N. W. 836; Englert v. Dale, 25 N. D. 587, 142 N. W. 169.

Where, in the trial of a civil action, a person is charged wth fraud, dishonesty, or crime, there is a legal presumption that he is innocent, and he is entitled to have such presumption considered by the jury in connection with the evidence in the case. Childs v. Merrill, 66 Vt. 302, 29 Atl. 532; Bradish v. Bliss, 35 Vt. 326; Grant v. Riley, 15 App. Div. 190, 44 N. Y. Supp. 338.

To avoid an act on the ground of menace and arrest and imprisonment, it must appear that the threat was unlawful imprisonment, and the party put in fear of imprisonment, and induced by such fear to do the act. Thorn v. Pinkman, 84 Me. 101, 30 Am. St. Rep. 335, 24 Atl. 718; 9 Cyc. 448, and note 34; Alexander v. Pierce, 10 N. H. 498.

"Not only must the threat be unlawful imprisonment, but it must be a threat of immediate imprisonment, or to be shortly inflicted. 6 Am. & Eng. Enc. Law, 64, and cases cited; Beath v. Chapoton, 115 Mich. 506, 69 Am. St. Rep. 589, 73 N. W. 806; Buchanan v. Sahlein, 9 Mo. App. 552; Bodine v. Morgan, 37 N. J. Eq. 426; Wolff v. Bluhm, 95 Wis. 257, 60 Am. St. Rep. 115, 70 N. W. 73.

The threat must be such as to excite the honest fear of some grievous wrong. 6 Am. & Eng. Enc. Law, 64.

Since the right to recover in this case rests upon the fact that a crime has been committed, that fact must be shown by a higher degree of proof than a mere preponderance of the evidence. 17 Cyc. 771, and cases cited; Fowler v. Wallace, 131 Ind. 347, 31 N. E. 53; Merk v. Gelzhaeuser, 50 Cal. 631; Williams v. Dickenson, 28 Fla. 90, 9 So. 847; Barton v. Thompson, 46 Iowa, 30, 26 Am. Rep. 131; Riker v. Hooper, 35 Vt. 457, 82 Am. Dec. 646; Sprague v. Dodge, 48 Ill. 142, 95 Am. Dec. 523; Sinclair v. Jackson, 47 Me. 102, 74 Am. Dec. 476; Clark v. Dibble, 16 Wend. 601; Thayer v. Boyle, 30 Me. 475; Forshee v. Abrams, 2 Iowa, 571; Sperry v. Wilcox, 1 Met. 267; People ex rel. Deneen v. Sullivan, 218 Ill. 419, 75 N. E. 1005.

"No prosecution shall be commenced except on the complaint of the husband or wife, save when such husband or wife is insane. It must be entirely apparent that the policy of the statute as to this offense.

is, that if the parties injured chose to acquiesce in the wrong done, no one else ought to be allowed to move in the matter." State v. Brecht, 41 Minn. 50, 42 N. W. 602; State v. Bennett, 31 Iowa, 24; State v. Corliss, 85 Iowa, 18, 51 N. W. 1154; State v. Oden, 100 Iowa, 22, 69 N. W. 272.

"A contract to settle an action of criminal conversation is not founded on an immoral consideration." Phillips v. Pullen, 50 N. J. L. 439, 14 Atl. 222.

And in such cases there is no principle of public policy involved. Sloan v. Davis, 105 Iowa, 97, 74 N. W. 922.

"The presumption of innocence of a defendant prevails in a civil action where a judgment against him will establish his guilt of a crime, and he is entitled to an instruction that he is presumed to be innocent." Grant v. Riley, supra; Corner v. Pendleton, 8 Md. 337.

"A new trial may be granted for newly discovered evidence of material admissions of the successful party, which are not cumulative to other evidence at the trial." 29 Cyc. 945, and cases cited.

"Admissions and conversations of the defendant, the purport of which is in direct conflict with his testimony in the case, and with the theory of his defense, are not impeaching, but original, evidence." Alger v. Merritt, 16 Iowa, 121.

*Palda & Aaker* and *I. M. Oseth,* for respondent.

Partial illegality of consideration usually avoids and destroys the whole contract. This is always so where the consideration is entire,— not susceptible of separation or division. 6 R. C. L. 682, and cases cited.

In such cases the right of condonation which the policy of the law contemplates is that of condonation as against the husband or wife, and not against the invading adulterer. But when the failure to consent to the prosecution is based upon other considerations than the preservation of family relations, in which the state is directly interested, and is attempted to be exchanged for money or property, the whole matter degenerates to the level of traffic in immorality and adultery, which the state will not recognize. 2 C. J. 17, and note; State v. Wesie, 17 N. D. 567, 19 L.R.A.(N.S.) 786, 118 N. W. 20.

The degree of proof required in such cases is not that it shall be sufficient to warrant a judgment establishing the defendant's guilt of

a crime. The issues are civil in their nature, such an action is a civil action for money or property, and the criminal side or aspect is only an incident to the main action. Grant v. Riley, 15 App. Div. 190, 44 N. Y. Supp. 238; Thayer v. Boyle, 30 Me. 475; Merk v. Gelzhaeuser, 50 Cal. 631; Barton v. Thompson, 46 Iowa, 30, 26 Am. Rep. 131; Clark v. Dibble, 16 Wend. 601; Forshee v. Abrams, 2 Iowa, 571; Sperry v. Wilcox, 1 Met. 267.

The true rule is that an instrument executed under threats made by the payee to prosecute the promisor for any crime, under such circumstances that the promisor actually feared such prosecution and imprisonment if he did not execute the instrument, is made under duress and is void in the hands of the original payee. Such a rule is reasonable and in accord with the trend of modern decisions. First Nat. Bank v. Bryan, 62 Iowa, 42, 17 N. W. 165; Henry v. State Bank, 131 Iowa, 97, 107 N. W. 1034; Hullhordt v. Scharner, 15 Neb. 57, 17 N. W. 259; Schultz v. Catlin, 78 Wis. 611, 47 N. W. 946; Peckham v. Van Bergen, 10 N. D. 43, 84 N. W. 566.

CHRISTIANSON, J. Plaintiff, who is a farmer residing in Ward county in this state, brings this action against defendant, who is an attorney, to recover damages for certain alleged wrongful and fraudulent acts on the part of the defendant.

The evidence offered by plaintiff tended to show the following facts:

In March, 1913, and for some time prior thereto, the plaintiff, who is a bachelor, had a housekeeper, one Mrs. Domsten. They resided on plaintiff's farm near Kenmare. Mrs. Domsten was a married woman who had separated from her husband, and the defendant, who is an attorney, was engaged by her to institute an action for divorce against her husband, Martin Domsten. While the divorce action was pending, the defendant, on or about March 31, 1913, called the plaintiff into his office and informed him that a neighbor had told him (defendant) that Mrs. Domsten was pregnant; and that plaintiff either had to pay to the defendant $1,000 or be sent to the penitentiary. Plaintiff at first refused to consider the proposition, stating that he and Mrs. Domsten were thinking of getting married, whereupon defendant informed him that she was still a married woman. After some further talk between them, plaintiff signed and delivered to defendant a note for

34 N. D.—41.

$1,000, payable to the order of Martin Domsten, together with chattel and real estate mortgages securing payment thereof.

The defendant Clausen testifies that Domsten came to see him and retained him to maintain an action for criminal conversation against the plaintiff, and that the note and mortgages, executed by the plaintiff, were executed and delivered in settlement of the civil liability involved in such proposed action.

Domsten testified that he came to see the defendant about the pending divorce action wherein Domsten was defendant; that his own attorney, one Clark, was out of the city, and that he therefore went to see Mr. Clausen, who, as already stated, represented the plaintiff in such divorce case. That during the conversation then had, Domsten stated that he wanted to make some adjustment with respect to the custody of the children involved in the divorce proceeding, and that if this matter were adjusted and Domsten's expenses paid, he (Domsten) would not resist the divorce action. That some days later Domsten again saw the defendant and was informed by him that he had everything settled.

In regard to the settlement then made between Domsten and the defendant, Domsten testified:

Q. What did he give you as a settlement; what did he tell you your share was? A. He says you can take $100. Now would you take a note, he says. I says I suppose I have to if you don't got the money, so I took it.

The note referred to was defendant's personal note, payable to Domsten. This note has not been paid. Some time after the commencement of this action defendant assigned to Domsten a note for $50, which the defendant had received from the plaintiff as part payment of his attorneys' fees in the divorce case.

At the time he received the $100 note, Domsten, at defendant's request, assigned to him the note and mortgages executed by the plaintiff, and defendant, thereafter sold the same to a bank at Kenmare, in due course, before maturity, and for value, and plaintiff was compelled to pay the same to such bank.

The cause was tried to a jury and resulted in a verdict in plaintiff's favor, and defendant appeals from the judgment and the order denying

his alternative motion for judgment notwithstanding the verdict, or for a new trial.

(1) Defendant asserts, and the greater portion of his brief is devoted to an argument of the proposition, that the evidence is insufficient to sustain the verdict. Much of defendant's argument is directed at the credibility of the respective witnesses, and the weight of their testimony. These were matters for the jury. Defendant did not move for a directed verdict. This is to some extent indicative of the fact that at the time of the trial he must have believed that there was an issue of fact to be determined by the jury. And an examination of the evidence leads us to the conclusion that we would not be justified in saying as a matter of law that the verdict is contrary to, or unsupported by, the evidence.

Defendant also asserts that the trial court gave two erroneous instructions to the jury.

(2) Under the laws of this state misdirection is an error in law, and constitutes one of the statutory grounds for a new trial. Comp. Laws 1913, § 7660.

The statute requires that a party who makes a motion for a new trial shall serve with his notice of motion a concise statement of the errors of law of which he complains. Comp. Laws 1913, § 7656. In the case at bar defendant made a motion for a new trial upon several grounds, but no error was specified in the court's instructions to the jury. Hence the trial court in ruling on the motion for a new trial ruled upon the theory that no complaint was made of its instructions to the jury.

It is true that in absence of a motion for new trial, errors in instructions are reviewable on an appeal from the judgment. But when a party moves for a new trial, he is required to embrace in such motion all errors complained of, which under the statute constitute proper grounds for a new trial; otherwise they will be deemed waived. 29 Cyc. 945. See also State v. Glass, 29 N. D. 620, 151 N. W. 229.

We deem it proper to say, however, that we have examined the instructions given in this case, and the instructions complained of are not fundamentally wrong, nor has appellant shown them to be prejudicial.

(3) Defendant also assigns error upon the court's action in overruling certain objections to questions propounded to the defendant while under cross-examination. The questions related to the Domsten divorce

case. We are by no means justified in saying that the examination complained of constituted improper cross-examination, and appellant has indicated no manner in which he could have been prejudiced thereby, and we are unable to see how he could possibly have been prejudiced by such rulings.

(4) Defendant also asserts that the trial court should have granted a new trial on the ground of newly discovered evidence.

This ground of the motion for a new trial is based solely upon the affidavit of the defendant, to the effect "that he is the defendant in the above-entitled action. That subsequent to the trial of said cause he has discovered evidence which will establish the fact that the plaintiff shortly after the settlement of the claim of Martin R. Domsten against the plaintiff, in which the defendant obtained the note and mortgages in question, the plaintiff made certain admissions to A. Meland, Fred Eshenbaker, and G. N. Combs, that he, the plaintiff, voluntarily, freely, and gladly made said settlement, and was not intimidated or threatened in the making of the same, either by the defendant or anyone else; that said evidence is new, material to the issue, and not cumulative, nor will it be brought to impeach any evidence or the testimony of any witness who has heretofore been examined in this action. That he did not know of the existence of said evidence at the time of the trial, and could not by using reasonable diligence have discovered and produced the same upon the former trial."

And the joint affidavit of A. Meland, Fred Eshenbaker and G. M. Combs, wherein they say "that they are well acquainted with Jens Jensen and L. F. Clausen, the plaintiff and defendant in the above-entitled action. That during the spring of A. D. 1915 (sometime in the month of April or May), the said plaintiff stated to these affiants that he, the plaintiff, had had a settlement with the said L. F. Clausen of the claim of one Martin H. Domsten against him, the plaintiff, in damages for having sexual intercourse with the said Domsten's wife, and that said settlement was for the amount of $1,000. The said Jensen further states that he was glad to get it settled and was well satisfied therewith, and that the reason why he made said settlement was that he did not want the matter to go into court and made public for everybody to talk about. That no statement was made or anything said at that time by said Jensen to the effect that said Clausen had, in making

said settlement, threatened to have the said Jensen arrested or sent to the penitentiary, or that said Clausen had in any other way taken any undue advantage of him in making said settlement. That affiants are residents of said county of Ward and neighbors of said Jensen, and that they frequently saw and talked to the said Jensen during the spring and early summer of a. d. 1913 about the said Domsten affair, and at no time during said conversations did said Jensen intimate that said Clausen had made any threats to him or taken any undue advantage of him in making such settlement, but he always stated that he made the same to avoid publicity. Affiants further state that it was not until in the fall of a. d. 1913, and some considerable time after the commencement of this action, that the plaintiff stated to them that the defendant had threatened him, the plaintiff, with arrest in making said settlement, although these affiants had frequently seen and talked with him about this Domsten affair during the summer of 1913."

The law applicable to motions for new trial on the ground of newly discovered evidence was fully discussed in Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; State v. Cray, 31 N. D. 67, 153 N. W. 425; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261. And by applying the rules there laid down, we reach the conclusion that the trial court did not abuse its discretion in denying a new trial.

(5) In a supplemental brief, defendant also presents the objection that plaintiff's complaint does not state facts sufficient to constitute a cause of action. This objection was in no manner raised in the court below, nor was it raised by any specification of error on this appeal, nor is it argued in appellant's original brief, but, is first presented by a supplemental brief served and filed after service of respondent's brief.

It is true that where a complaint wholly fails to set out a substantial cause of action, and cannot be made good by amendment, the objection to its sufficiency may be urged at any stage of the proceeding. Harshman v. Northern P. R. Co. 14 N. D. 69, 103 N. W. 412; Comp. Laws 1913, § 7447.

But it is equally true that the reviewing court does not look upon such an objection with favor when raised for the first time on appeal. "And the complaint will be construed liberally and supported by every legal intendment, and if the defect was amendable, or the pleading is good after verdict, or sufficient to bar another action for the same cause,

it will be sufficient on appeal in the absence of objection in the court below. It must be shown that there is a total absence of an averment of some fact essential to the existence of the cause of action, or the presence of some averment that destroys plaintiff's right to recover. 3 C. J. 787.

The objections to the complaint in the case at bar go to the manner in which the cause of action is alleged. The complaint substantially stated a cause of action, and is clearly sufficient to bar another action for the same cause. The alleged defects of which defendant complains could have been readily cured by amendment.

The judgment and order denying a new trial are affirmed.