D. A. GUNDER and Charles J. Gunder, Doing Business Under the Firm Name and Style of D. A. Gunder & Son, a Copartnership, Respondents, v. THEODORE FEELAND, C. P. O'Rourke, August Nickel, J. W. Stevenson and G. H. Urban, Constituting the Board of County Commissioners of Morton County, a Municipal Corporation, Appellants.

(200 N. W. 909.)

**Trial — credibility of witnesses, and weight of testimony, for jury.**

1. The credibility of witnesses and the weight of their testimony are questions for the determination of the jury.

**Appeal and error — verdict on conflicting evidence and order denying new trial not disturbed where reasonable men might draw different conclusions.**

2. Where the evidence is in conflict and reasonable men might draw different conclusions therefrom, neither the verdict of the jury based on such evidence, nor the order of the trial court denying a motion for a new trial will be disturbed on appeal where the sole ground of attack is that the evidence is insufficient to sustain the verdict.

Opinion filed November 18, 1924.

Appeal and Error, 4 C. J. § 2715 p. 771 n. 58; § 2841 p. 866 n. 51. Trial, 38 Cyc. p. 1516 n. 57; p. 1518 n. 69.

---

Note.—(1) Weight and credibility of witness for jury, see 26 R. C. L. 1027.

(2) Verdict on conflicting evidence not disturbed on appeal, see 2 R. C. L. 194; 1 R. C. L. Supp. 432; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79.

Appeal from the District Court of Morton County, *Berry, J.*
Affirmed.

*L. H. Connolly,* for appellants.

*Norton & Kelsch,* for respondent.

The credibility of witnesses and the weight to be given to their testimony are issues for the jury and their finding upon those issues is binding on the Court. Erickson v. Wiper, 33 N. D. 226; Thompson x. Scott, 34 N. D. 506; Jensen v. Clausen, 34 N. D. 643.

Where the evidence is in sharp conflict and reasonable men might reasonably draw different conclusions therefrom, the verdict cannot be disturbed. Montana Eastern R. Co. v. Lebeck, 32 N. D. 162; Senn v. Steffan, 37 N. D. 491; Tuveson v. Olson, 45 N. D. 415; Grewer v. Schafer, 197 N. W. 596.

Where the appellant appeals from an order denying a new trial, the sole and only issue presented to the Supreme Court is whether or not the District Court manifestly abused its sound judicial discretion in denying such motion. Pengilly v. Case Machine Co. 11 N. D. 255; Aylmer v. Adams, 30 N. D. 514; Wagoner v. Bodal, 37 N. D. 594.

NUESSLE, J. This case grew out of a claim made by the defendants and appellants as the board of county commissioners of Morton County against the respondents for the price of one hundred bushels of seed wheat furnished to the respondent D. A. Gunder under the provisions of article 24, chapter 43 of the Political Code, Comp. Laws, 1913, as amended. The issue arose on a counterclaim and was tried to a jury. The jury returned a verdict in favor of the plaintiffs and respondents. The court ordered judgment on this verdict and judgment was thereafter entered upon the same. The appellants moved for a new trial on the ground of the insufficiency of the evidence to sustain the verdict, which motion was denied. This appeal is from the judgment and from the order denying such motion for a new trial.

The only contention urged in support of this appeal is that the evidence is insufficient to support the verdict. There are no exceptions to the charge to the jury as given by the court, nor is there any assignment of error on account of any rulings made by the court during the course of the trial. The record discloses that in the spring of 1922

the respondent D. A. Gunder made application to and entered into a contract with the appellants, the board of county commissioners of Morton county, for seed and feed. For the convenience of those who might wish to obtain seed and feed from the county, the county auditor had sent application blanks to the various banks in the county. Gunder made his application through a bank at New Salem, of which one Peterson was an officer. His application was granted and Gunder signed the requisite contract. One hundred bushels of wheat of the seed so applied for was to be used by Gunder on certain land rented from Peterson and one Bloodgood. Peterson, as owner of the land, signed the application with Gunder. Subsequently, Gunder was notified by the county that the seed and feed were ready for delivery to him, but Peterson then told him he could not have the land as Bloodgood wanted to farm it himself and, since the seed was to be used upon this land, Gunder would be unable to get it from the county. Gunder did, however, get the other seed and feed applied for and signed a writing purporting to show the receipt by him of all of the seed and feed including the one hundred bushels of wheat. As a matter of fact, the wheat intended for Gunder was delivered by the county's distributing agent to Bloodgood who sowed it on the land for which it had been intended. Gunder testified that he advised the New Salem Mercantile Company, which was distributing it for the county, that he could not take the wheat because he could not rent the land for which it was intended. The Mercantile Company's agent testified that Gunder said he would not want the wheat himself but directed them to deliver the same to Bloodgood. Gunder positively denied any such direction. Various witnesses were called on both sides, who testified with reference to this part of the transaction. Gunder admitted his signature to the receipt, but explained that he supposed this receipt was for the amount of grain and feed that was being delivered to him. There is no question but that the wheat was in fact delivered to Bloodgood. It appears that Bloodgood was an officer of the New Salem Mercantile Company, the county's distributing agent. The court, in instructing the jury, said:

"I charge you, as a matter of law, that the defendant Morton county can not recover for the value of the one hundred bushels of wheat . . . unless you find from a preponderance of the evidence that the

said defendant delivered said one hundred bushels of wheat to the plaintiff D. A. Gunder or his authorized agent, either by making actual delivery or a constructive delivery to him as I have defined these terms to you; or that the wheat was delivered to a third person under the contract at the special instance and request of D. A. Gunder. . . . On the other hand, if you do find that there was an actual or constructive delivery of this wheat to Mr. Gunder, the plaintiff, or to his agent, or to a third person, at his special instance and request and that the delivery was under and by virtue of this feed and seed contract entered into by him, then I charge you, as a matter of law, that your verdict should be for the defendant Morton county for the amount of the value of the wheat."

No exception was taken to any portion of the charge as given.

The defendants' theory was that the wheat in question was delivered to Gunder or to some other person for him and at his direction, and the issue was made, tried and submitted to the jury in accordance with that theory. While the record shows a direct conflict in the testimony as to what took place with reference to the delivery of the one hundred bushels of wheat, it is conceded that Gunder applied for it and Bloodgood got it, sowed it and took the crop grown from it. If Gunder is to be believed, he gave no direction that the wheat should be delivered to Bloodgood or to anyone else, but simply refused to take it. On the other hand, there is positive and direct testimony to the effect that he did give directions that the seed should be delivered for him to Bloodgood. However, the issue of fact, as thus made, was for the determination of the jury. They saw, as well as heard, the witnesses who testified. It was for them to say where the truth lay, and their verdict comes to this court clothed with every presumption in its favor. Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; Thompson v. Scott, 34 N. D. 503, 159 N. W. 21; Jensen v. Clausen, 34 N. D. 637, 159 N. W. 30. Likewise, the trial judge saw and heard the witnesses. Nevertheless, on motion for new trial on the ground of the insufficiency of the evidence, he saw fit to sustain the verdict and refused to exercise his discretion in the granting of the motion. Where the evidence is in conflict and reasonable men might draw different conclusions therefrom, this court on appeal will disturb neither the verdict of the jury

based on such evidence nor the order of the trial court denying a motion for new trial where the sole ground of attack is that the evidence is insufficient to sustain the verdict. Erickson v. Wiper, supra; Grewer v. Schafer, 50 N. D. 642, 197 N. W. 596 and cases cited.

The judgment and order appealed from must be affirmed. It is so ordered.

BRONSON, Ch. J., and JOHNSON, CHRISTIANSON, and BIRDZELL, JJ., concur.