[File No. 7235]

JOHN JACOBS, Respondent v. JOHN BEVER, Appellant.

(55 NW2d 512)

Opinion filed October 17, 1952.

*E. J. McIlraith,* for appellant.

170

*Halvor L. Halvorson* and *Harold Halstead,* for respondent.

NUESSLE, Commissioner. This action was brought to recover damages for personal injuries.

Stripped to its essentials, the complaint alleges that the plaintiff was employed by the defendant to do some trucking; that while so employed he was directed by the defendant to repair defendant's automobile; that when he lay prone under the automobile pursuant to this direction "the defendant carelessly, negligently and unlawfully put said car in motion by disturbing the car in trying the ignition switch or pushing it or rocking it, to such an extent in his attempt to get said motor started, that the car lunged forward and the rear wheels came to rest before said car could be stopped," on the person of the plaintiff, whereby he suffered severe permanent bodily injuries; that because of said injuries plaintiff was subjected to great pain and suffer-

ing, was compelled to incur large medical and hospital bills, and was unable to work at his occupation of farming, all to his damage in the sum of $3,740.00, for which he demands judgment.

To this complaint the defendant answered, denying "each and every allegation, matter, and thing therein contained excepting to admit that the Plaintiff did receive some injuries on or about the date set forth in the Complaint." Defendant further alleged "That the Plaintiff at the time referred to herein, was not in the employ of the Defendant, and when he was doing the work referred to in the Complaint, he was doing it voluntarily and without compensation and said injuries were caused by his own contributory negligence and not by anything which this Defendant did or did not do and which could have avoided said accident."

On the issues thus joined, the case was tried to a jury.

At the close of the plaintiff's case the defendant moved the court to dismiss the action on the grounds "that the plaintiff has wholly failed to prove the material allegations of the Complaint, in that, first, there is no evidence of a relationship of employer and employee, no terms of employment, and no conditions of employment, and no evidence that the plaintiff ever did or ever was employed by the defendant to do any work for him.

"Two: That even though there were evidence of employment . . . there is no evidence that the plaintiff at the time of the accident or immediately prior thereto, was in the employ of the defendant or was directed by him to fix and repair the car . . . and that the defendant exercised no control over the plaintiff as an employer.

"Three: That there is no evidence of negligence upon the part of this defendant, or carelessness, and that the defendant is in no way responsible for what happened since all of the evidence shows that the plaintiff asked to and undertook the job of fixing the car, and assumed whatever responsibility and risk that was incurred therein." This motion was denied.

The defendant then moved the court to direct the jury to return a verdict of dismissal against the plaintiff and in favor of the defendant upon all the grounds set forth in the motion for dismissal. The plaintiff objected to and resisted this motion and it also was denied.

Thereupon, defendant, offering no evidence, rested his case and renewed the motions to dismiss and for a directed verdict, which motions were denied. The court then submitted the case to the jury who returned a verdict for the plaintiff in the sum of $1,100.00. Judgment was ordered and entered thereon.

Thereafter the defendant renewed his motion to dismiss the action and also moved for judgment notwithstanding the verdict or for a new trial. These motions were, in effect, predicated on the same grounds as set out in defendant's motions to dismiss and for a directed verdict made after both sides had rested. The motions were denied; whereupon defendant perfected the instant appeal.

As grounds for his appeal the defendant specified that the evidence was insufficient to justify the verdict in that "There is no evidence of a relationship of employee and employer, no terms of employment, no conditions of employment and no evidence that the Plaintiff ever did or ever was employed by the Defendant with his truck to do any work; that there is no evidence that the Plaintiff was directed by the Defendant to fix and repair the car but rather the evidence shows that the Plaintiff himself suggested, because he was impatient, that he should fix the car and thereby assumed his own risk; that there is no evidence of negligence or carelessness upon the part of this Defendant and that the Defendant is not legally responsible for what happened since the Plaintiff assumed the risk and assumed whatever responsibility there was in connection therewith."

And "That the Court erred in denying the motion of Defendant for judgment notwithstanding the verdict, or in the alternative, for a new trial" and further "erred in denying the motion of Defendant for a dismissal of this action."

The record is brief. It is undisputed that plaintiff received the injuries of which he complains in his complaint and suffered damages on account thereof. The defendant concedes this and does not challenge the finding of the jury as to the amount of the damages. The only real conflict in the record is as to what occurred at the time the injuries were received.

Plaintiff's testimony is that the defendant engaged the plain-

tiff to do some trucking for him. Accordingly, he went to the defendant's home. Defendant owned a 1934 Ford car which was broken down and stalled on the roadside. Plaintiff went with the defendant to the car. Defendant said the battery cable was broken. He got under the car and tried to adjust the cable on the starter to the battery post. Plaintiff testified: "So I sat on the ground, waiting for him to get it fixed. I was getting kind of impatient over the whole thing, so then he got out and he asked me to finish it for him, to see if the burr was tight enough." Plaintiff then crawled under the car. While there, he reached for a wrench defendant had left near the right front wheel and before he had a chance to touch the bolts on the self-starter he heard the starter going or some roaring noise and the car started and ran over and upon him, inflicting the injuries of which he complains; that when this happened defendant was standing beside the car while plaintiff was under it and "was bending over by the steering wheel, trying to adjust something, or seeing if everything was in shape."

Defendant was called for cross-examination under the statute. He testified that his car was stalled. The battery cable was broken off right by the battery. He got another cable and he and the plaintiff went to the car to fix the cable. He put a block behind the rear wheel and one in front of the front wheel and jacked up the car on the side so he could get under to get to the switches. He then got under the car and put the cable on the battery on the bolt from which it had broken off. Plaintiff, becoming impatient, said: "You are too slow, . . . get out and let me under there." So defendant got out and handed plaintiff the wrench and the latter then slid under the car and "started to screw that up there, and . . . as soon as he got it a little tight so the juice went through, why away it went." Defendant was standing beside the car about three feet from it. The door on that side was open. He jumped in, reached down— the foot boards were all out—grabbed the connection off the battery and stopped the car. Then he got out, jacked the rear of the car up and got the plaintiff out. He then adjusted the cable and, using the car, took plaintiff to his home.

Thus it appears that the only conflicts in the evidence are as to what occurred at the time of the accident. Was the plaintiff an employee or an invitee? Did he get under the car at the request and direction of the defendant, and if he did, what caused the car to start and run onto him? Was it because of his negligence in doing what he did, or because of the defendant's negligence in doing what the latter did? The issues thus made were as to matters of fact. The jury found for the plaintiff on all of them. The case is one at law, and having been tried to a jury, does not come here for trial de novo in this court.

As this court said in Gunder v. Feeland, 51 ND 784, 200 NW 909, "the issue of fact, as thus made, was for the determination of the jury. They saw, as well as heard, the witnesses who testified. It was for them to say where the truth lay, and their verdict comes to this court clothed with every presumption in its favor. Erickson v. Wiper, 33 ND 193, 157 NW 592; Thompson v. Scott, 34 ND 503, 159 NW 21; Jensen v. Clausen, 34 ND 637, 159 NW 30. Likewise, the trial judge saw and heard the witnesses. Nevertheless, on motion for new trial on the ground of the insufficiency of the evidence, he saw fit to sustain the verdict and refused to exercise his discretion in the granting of the motion. Where the evidence is in conflict and reasonable men might draw different conclusions therefrom, this court on appeal will disturb neither the verdict of the jury based on such evidence nor the order of the trial court denying a motion for new trial where the sole ground of attack is that the evidence is insufficient to sustain the verdict. Erickson v. Wiper, supra; Grewer v. Schafer, 50 ND 642, 197 NW 596 and cases cited."

The court in his instructions, to which no exceptions were taken, charged fully on all matters in issue. He defined negligence and contributory negligence, told the jury where the burden of proof lay, and, among other things, charged that it was immaterial whether the plaintiff was an employee or an invitee inasmuch as the defendant would owe a duty of due care to the plaintiff regardless of whether he was an employee or an invitee at the time of the accident and that the plaintiff could not recover unless the defendant expressly or impliedly sought help

and assistance from the plaintiff in repairing the car at the time of the accident.

The court was correct in charging that it was immaterial as to whether the plaintiff was an employee or an invitee at the time of the accident and that the plaintiff could not recover unless the defendant expressly or impliedly sought help and assistance from him in repairing the car. Defendant's obligation was the same in either event and if through his negligence the accident occurred, he was responsible for any injuries thereby inflicted. Olson v. Kem Temple, 77 ND 365, 43 NW(2d) 385.

The question of negligence was a question to be determined by the jury. The defendant in his motions, both for dismissal and for a directed verdict, and his subsequent motions for dismissal and judgment notwithstanding the verdict or for a new trial, were predicated upon his contention that there was not sufficient evidence to sustain the jury's verdict. But the motions, insofar as they challenged the sufficiency of the evidence to sustain the finding of negligence, were lacking in particularity. It was necessary that defendant particularly specify the respects in which the evidence was insufficient and not having done so but having charged only that there was no sufficient showing of negligence and carelessness on the part of the defendant, he left it uncertain in what particular it was insufficient. Where a motion to dismiss is made on the ground of insufficiency of the evidence, the insufficiency must be particularly pointed out. Westerso v. City of Williston, 77 ND 251, 42 NW(2d) 429 and cases cited.

Likewise, with respect to his motion for a directed verdict, the requirement is the same. One making and relying upon a challenge to the sufficiency of the evidence to sustain a verdict must specify the particulars in which it is insufficient. He cannot by a general specification put upon the court the burden of searching through the record in order to determine the question of sufficiency. See Westerso v. City of Williston, supra, and authorities cited therein.

The orders and judgment appealed from are affirmed.

Per Curiam. The foregoing opinion prepared by Honorable

*W. L. Nuessle,* a retired judge and duly appointed and qualified commissioner of the supreme court, is adopted and made the opinion and decision of the court.

MORRIS, C. J., and GRIMSON, CHRISTIANSON and BURKE, JJ., concur.

SATHRE, J., did not participate.